*R. H. Field, for appellant.   R. J. Meyler, for appellee.*

---

## ELIJAH C. HUNT, ET AL., *v.* C. H. BLAKEY, ET AL.

**Conveyance of Real Estate—Notice by Possession—Lien of Purchaser in Possession—Improvements.**
> One who buys real estate in the possession of another must be held to be put upon inquiry as to the nature of that possession and the manner in which it was held.

**Conveyance of Real Estate—Lien of Purchaser in Possession—Improvements.**
> Where a person owing a debt agrees to sell real estate in payment of it and puts such purchaser in possession, such purchaser has a lien for the amount of his claim and improvements made by him before notice from a purchaser that he has received conveyance of such real estate.

### APPEAL FROM LOGAN CIRCUIT COURT.

December 16, 1876.

OPINION BY JUDGE COFER:

The loan of the money to Gordon by Mrs. Hunt seems to be well established; and we think it is also established that he verbally agreed to sell the property in contest in satisfaction of the debt, and in pursuance to that agreement placed her and her husband in possession.

They were in possession when the appellees purchased the property from Gordon, and their possession was sufficient to put them upon inquiry as to the nature of that possession, and the manner in which it was held; and if they had made inquiry they would have learned why they were claiming it as purchasers, or, failing in that, would have placed the appellants in the wrong and thus have disarmed them of the equity now being asserted. Having failed to make the inquiry which the possession of the appellants ought to have suggested, the appellees must be taken to have purchased with notice of the character of the possession, and thus stand in the shoes of their vendor, Gordon, and as the appellants had a lien on the property as against him they have it against the appellees also.

The testimony of Mrs. Hunt was not objected to in the court below, and that question cannot be made here for the first time, but if it had been made it would have been unavailing. The debt of Gordon to Mrs. Hunt was not discharged by the verbal contract for the sale of the property so as to divest her of all interest in it; it continued to be a debt due to her and in the event of the death of her husband would have belonged to her as survivor. She was therefore a proper, though not a necessary party to the suit, and was competent as a witness in her own behalf.

The failure to prove the debt against the estate of Gordon, so far from being a circumstance against the appellants, seems to us to be in their favor. If their claim to have purchased or agreed to purchase the property be correct, they had no debt that ought to have been proved, for it was already secured by a lien, which might have been defeated if they had proved the debt. The fact that they did not seek redress in some form when they learned that the appellees had purchased the property does not weaken their case. They were in possession, and so long as the appellees remained passive they could well afford to do so.

The only circumstance disclosed by the record which is calculated to create any doubt of the truth of appellants' claim is the testimony of the appellees. Blakey says that in the fall of 1872 the appellant, Elijah Hunt, came to him to rent the property and proposed to pay the rent in improvements, and that not having time to go and see what improvements were needed he referred him to his coappellee, Hall. Hall testified that he had a conversation with Hunt in January or February, 1873, and that he asked Hunt if he wanted to rent the place for that year, and he said he did, and that Hunt then told him he had talked with Blakey and Blakey had told him he could pay the

rent in improvements, and that in November afterwards he met Hunt and suggested a settlement, when Hunt told him the place was liable for some improvements made while Gordon owned the property and declined to make a settlement.

Mrs. Hunt testified that her husband knew of her purchase of the property, and his application to the appellees for the rent was therefore inconsistent with the claim now asserted. That conduct upon his part he had no opportunity of explaining or contradicting, for his wife having testified he was not competent to testify also.

But it may be susceptible of explanation consistently with the honesty and veracity of all the witnesses, while the testimony of Mrs. Gordon and Mrs. Hunt, which his conduct tended to contradict, is either true or wickedly and corruptly false, and cannot be otherwise disposed of. There is nothing proven by others or appearing in the testimony of these witnesses calculated to cast any suspicion upon their veracity, and we are therefore of the opinion that their direct and positive statements outweigh the conduct of Elijah Hunt as proved by the testimony of the appellees.

Counsel argues, however, that conceding all the appellants claim to be true they have no lien upon the property for the debt to satisfy which Gordon agreed to convey them the property; that it is only when the vendor has paid out his money on the faith of a parol contract that he has a lien, and that when he merely agrees to receive land in discharge of an existing indebtedness by the vendor he has no lien. When the appellants entered into the agreement to take the property in satisfaction of the debt and were put in possession, they lost their right to sue Gordon for the debt, and that right could only be revived by his refusal to convey pursuant to the agreement, and he could, by tendering a deed, have made the satisfaction of the debt complete. There was, therefore, such consideration for the agreement as ought to uphold it as far as the statute of frauds will allow it to be enforced. It was about two years from the time the appellants took possession until Gordon put it out of his power to convey to them by conveying to the appellees. During that time the right of the appellants to sue for their debt was suspended, and about the end of the time Gordon became a bankrupt. But for the agreement to convey the property the appellants might have secured themselves; and not having done so, but trusted to the good faith of Gordon, they are as much entitled to a lien against him and purchasers from him with constructive notice of their claim, as if they had paid the money,

instead of agreeing to receive the land in payment of an existing debt.

Nor can we concur with the counsel in his conclusion that the appellants are not entitled to the value of the improvements put upon the property before notice of the conveyance to the appellees. For improvements put upon it after notice of appellees' purchase they are not entitled to be paid anything, but for improvements made before that time they were entitled, as against Gordon, to be paid their actual value, and as the appellees can stand in no better attitude than Gordon would have occupied if he had continued to be the owner, they also must account for the value of the improvements at the time of their purchase, and the appellants should account for rent since that time. *McCracken, et al., v. Sanders,* 4 Bibb 511. Neither rent nor interest should be charged prior to the date of appellee's deed, but both should be charged after that time.

Judgment *reversed,* and cause remanded for further proper proceedings.

*Caldwell, Browder & L. C. Garrigus, for appellants.*
*J. H. Bowden, for appellees.*