OPINION of tlie .Court, by
Judge Owsiey.
M’-Cracken liaving obtained a judgment in ejectment against Sanders for a mill, &c. Sanders exhibited his bill in equity, with injunction, alleging the purchase and conveyance of 157 acres of land from M’Cracken; but which, according to the description in the deed, does not include the mill, &c. though, he furthermore charges, it was expressly agreed between him and M’Cracken that he should have the privilege of building a mill upon the north fork of Elkhorn, adjoining the land described in the deed ; and that in pursuance of that agreement he has erected the mill and dam now in contest.
On a final hearing, the court below made Sanders’s injunction perpetual against the judgment at law, from which M’Cracken has appealed to this court.
That decree, we are of opinion, cannot be sustained. The agreement alleged in the bill is expressly denied by the answer of M’Cracken ; and however strong the parol evidence in the cause may be in support of the allegations of Sanders, yet as there is no proof of the agreement having been reduced to writing, the statute of frauds and perjuries, relied on by M’Cracken, presents an insuperable bar to a specific execution.
Notwithstanding, however, a specific execution of the agreement cannot consistently with the rules of law be enforced, yet as we are satisfied from the evidence that Sanders built the mill, &c. under the faith of assurances from M’Cracken that he should be unmolestsd in the use and possession of them, M’Cracken, before he is allowed to gain the possession, ought to be compelled to compensate Sanders for the improvements remaining upon the premises. In estimating the amount of compensation, it will however be proper to deduct from the value of the improvements a reasonable sum for the use of the mill.
The decree must be reversed with costs, the cause remanded to the court below, and such orders and decrees there made as may conform to the principles of this opinion.