The Chief Justice
delivered the opinion of the court.*
As the contract for the land, in this case, was verbal, (¡lere can ¡,e n0 doubt that the circuit court properly refused decree a conveyance. And on such refusal, it was unquestionably correct to compel the defendants, as the representatives of the vendor, to refund the money which had *389 been paid on the contract, and to pay for the improvements which had been made on the land by the complainant. But according to the decision of this court in the case of M’Cracken vs. Saunders, 4 Bibb, 511, there oúght to have been an account taken of the rents and profits, and the mount thereof deducted from the amount of the value of tne improvements. As, however, the complainant most clearly obtained the possession in good faith, under a fair contract of purchase, he ought not to be accountable for rents until there was a denial of his right, or an assertion of title on the part of the vendor, or his representatives. For so long as he was permitted to hold the possession without any denial of his right to do so on their part, their consent that he should enjoy the profits, must be presumed. In this case there is no evidence of any denial of the com-piamant’s right, or oi an assertion oí title on the part oí tne vendor, or his representatives, until the answer in the cause was filed, relying on the statute against frauds and perjuries, and from that time ought the account for the rents and profits to commence. ’
The vendee paKl for his improvements made bonafi. rfeu,nijersuC11 ment .,,,¾⅛,. fore the ve.n-⅝>1- , assert» 0° denies ’the right of the ve'ldej; vs, Bell, and Seroggs vs. 1
riSEertion of such right. ’he.vendee is ren.s< ru t before. yendee land, vendor must remm . rJl0nf;y with interest fiom ihe as-.-sertUmófven-Cursing,it. ought to be paid before vendor «sserts bis right — the possession of the lands, rent free, is a consideration for the use of tne money paid.
The decree of the circuit court is therefore erroneous, in not making the complainant accountable for rents from that time. We are of opinion that the decree is also erroneous in compelling the defendants to pay interest upon the mo-ncy paid by the complainant from the time of payment.— No interest should be given as long as the complainant was permitted to enjoy the land without being accountable for the rents, for the one is naturally the consideration of the ’ v Other.
The decree reversed with costs, and the cause remanded, thata decree mav be entered in conformity to the foregoing OPlnl°«-

 Absent, Judge ILosast.