*62 Opinion op the Court,
by Judge Owsley.
Hunter sold to Breckinridge, Miller and Cochran, for the price of six thousand dollars, two thousand dollars whereof was paid in hand, and the balance to be paid, a lot of ground in the vicinity of Lou- . ^ ,0 i-»/» ^ isvilie, and executed to them a deed of conveyance.
To obtain a surrender of the conveyance so made, the heirs of William P. Simrall exhibited their bill in equity against Hunter, Breckinridge, Miller and Cochran, charging that their ancestor in his lifetime, purchased the lot of ground from Hunter, and paid him the purchase money ; and that Hunter at the same time signed and acknowledged a deed of conveyance to their ancestor for the lot, and promised to carry the deed, so acknowledged, to the office of the clerk of the county court of Jefferson, to be recorded; but that in-of doing so, the said Hunter kept the deed in his possession until after the death of their ancestor, and t{,en destroyed the same by burning it; and that he, the said Hunter, thereafter, sold the lot to Breckinridge, Miller and Cochran, who, at the time of their Purc^ase’ hnew that Hunter had previously.sold the same to their ancester, Simrall.
Hunter acknowledges that he contracted for the sale ]ot t0 ^e deceased, Simrall; but alleges the contract was by parol, and that the purchase money has never been paid by Simrall or any other person for him. ^en'es that any deed or other writing was ever ex-ecu ted by him for the lot to Simrall, though he admits *63 that under an impression that a deed had been made by him, he has stated to others he had done so. But states that he has since discovered the deed which he had supposed was executed by him, was in fact executed by his wife onlv, and attempts to account for the deed having been executed by her before it was acknowledged by him. He admits the sale to ridge, Miller and Cochran, pleads and relies upon statute against frauds and perjuries, and insists that relief ought to be afforded to the heirs of Simrall in a court of
A complainjF4 seeking ty, must do equity, and sfierrstr^ar" quired to pay the balance chase6 pUn dueTy him!^
Al?order is itt of change, and drawer is upontheexof due and proper the\6olderby
Breckinridge, Miller and Cochran acknowledge purchase of the lot by them at the price of six thousand dollars, two thousand dollars of which they allege to have been paid; but‘in their first answer they deny having had notice of the complainant’s claim, though in a subsequent answer, which they make a cross bill against Hunter, they admit notice, &c.
The court below decreed the title to be conveyed to the heirs of Simrall against a named day, provided they should pay to Hunter, with interest, two hundred and sixty-five dollars and sixty-nine cents, being the of the consideration agreed to be paid by their aneestor for the lot, after deducting an order drawn by in favor of Hunter on J. and S. Vance, for two hundred dollars; and upon the failure of the heirs to pay amount, it was decred that so much of the lot as might be necessary for that purpose, should be sold to raise the amount, and a commissioner was accordingly appointed by the court to carry into effect the decree. The decree, moreover, reserved the right of Hunter to assert any claim which he might have at law, to recover the balance which he alleges is unpaid on the order which was drawn in his favor by Simrall upon Vances.
The court also decreed a cancelrpent of the contract between Hunter and Breckinridge, Miller and Cochran; and upon the answer of Breckinridge, &c. which was made a cross bill, the court decreed Hunter should pay with interest two thousand dollars, the amount received by him under that contract.
If the court were correct in supposing that the heirs of Simrall shewed sufficient equity as against Hunter, it was unquestionably correct to relieve them against the sale and conveyance, which was made by Hunter to Breckinridge, &c.
*64 The evidence in the cause may not be sufficient to prove notice in fact of the claim of the heirs of Simrall to Breckinridge, &c. before they made the contract with Hunter; but in their last answer they admit notice, and even if they had not done so, the circumstance of but two thousand dollars out of six thousand which was to have been given for the land, having been in fact paid, would prevent Breckinridge, &c. from protecting themselves against tide equity of the heirs under their purchase from Hunter.
And after relieving the heirs against the purchase of Breckinridge, &c. it was indubitably proper to make a decree in their favor, upon their cross bill against Hunter. As the last answer which was filed by them, contains admissions not to be found in their previous answer, and as the filing of it was opposed by Hunter, it is not so clear that Breckinridge, &c. could have been relievd upon their cross bill, if the right of the heirs of Simrall to overreach their purchase from Hunter, had rested exclusively upon the admissions contained in their last answer. But we have seen that without the aid of that answer, the heirs of Simrall would have been entitled to relief against Breckinridge, &c. and of course Breckinridge, &c. ought to be compensated for the money advanced by them to Hunter, by Hunter’s repaying a sum equal to that which he received, with interest.
And with respect to the equity asserted by the heirs of Simrall under the contract made by their ancestor, we are inclined to think it is sufficiently established. If, as is alleged by Hunter in his answer, that contract had never been reduced to writing, the statute of frauds and perjuries, upon which he relies, would no doubt have precluded the court from extending relief to the heirs; but from the proof in the cause, we are constrained to decide that Hunter did in fact, in pursuance of a verbal contract, execute and deliver to the ancestor of the heirs, a written deed of conveyance for the land. The evidence is clear and positive, that on divers occasions and to divers persons, Hunter not only acknowledged that he had acknowledged a deed to Simrall for the land, but that shortly before the commencement of this suit, he stated, that upon searching his papers, he had found the deed so by him executed, and that he had burnt it. In his answer, it is true, Hunter admits that *65 he had labored under the impression that lie had executed a deed, but that he has since discovered that the deed which was intended to be signed by him, was in fact signed by his wife only, and exhibits that deed with his answer. But it does not follow from that deed, that no other deed was ever executed by Hunter. He may nevertheless have executed another; and after his repeated statements, that he had burnt the deed which he had executed, we are bound to decide that another was executed by him.
If, therefore, the contract of sale made by Hunter to Simrall, was perfected by the execution of a deed by Hunter, the statute of frauds and perjuries has no application to the case; for the application of the heirs of Simrall to a court of equity, is not to enforce the specific execution of a verbal contract for the sale of land, but to obtain a conveyance for land, to which a conveyance had been made to their ancestor, and which conveyance, by the fraudulent act of Hunter, had been destroyed.
With respect to the balance of the decree, no error is perceived. The amount which the heirs were de-, creed to pay, is as much as from the weight of evidence appears to have remained unpaid of the purchase money, after deducting the order which was given by Simrall to Hunter on the Vances. It might have been proper to have decreed the amount of that order to be paid by the heirs, if their liability had been sufficiently established by the evidence. For, as complainants seeking the aid of a court of equity, they ought to be compelled to do equity, and that can be done only by requiring them to pay whatever part of the purchase money was unpaid by their ancestor, and for which he was liable at the time of his death. But we have been unable to discover the evidence from which the liability of the ancestor or his heirs to pay the order on the Vances, can be maintained. The order is contained in the record, and is in substance nothing more or less than a bill of exchange. It was, therefore, alone upon the exercise of due and proper diligence by Hunter to obtain the amount from the Vances, that he could have any claim upon the ancestor of the heirs as drawer, and there is no evidence taken in the cause, conducing to shew that such diligence was used by Hunter. Under such a state of case, therefore, Hunter surely has *66 no just cause to Complain of the decree refusing to com» Pe^ cornPÍama^s t° pay any part of the order, but leaving him to assert that claim in an action at law.
The decree must be affirmed with costs and damages upon the amount decreed in the court below in favor of Breckinridge, &c.