Chief Justice Robertson
delivered the Opinion of the Court.
On the trial upon the general issue, in an action of assumpsit, by Hambell against Hamilton, the Circuit Court having instructed the jury that the evidence was insufficient to sustain either.of the two counts in the declaration, verdict and judgment were accordingly rendered in bar of the action.
The evidence ;vvas, in substance, that in consideration of a parol agreement by Hamilton, to serve Hambell for three years, as an apprentice, the latter undertook, in like manner, to instruct him in the trade of a carpenter and cabinet.' íaker, and to pay ninety dollars at the end of the t|eun of service; that under that contract, Hamilton rer-nained with Hambell about one year, and then, without his consent, left him, because he could make at lealst one hundred dollars a year, by working at the tra te w]hich he had been learning, and that Hambell had treated him well, and instructed him faithfully, as long a-- In- , ontinuod under his tutilage, and had, moreover, ad ed to him about fifteen dollars.
The futst count was for a special, the second for an indebitatus assumpsit. And .the foregoing evidence, did not support the first count: first, because the contract t • i -I , . ... ’ , „ , , which i\t proved is essentially different from that de *502 scribed in the count; — and, second, because the* statute* of frauds and perjuries would prevent- a recovery on a contract which, according to its terms, could not have been completely performed within one year.
But we cannot perceive any sufficient reason why the indebitatus count, for tuition and for money and clothes, was not sustained by the proof.
As the contract was not void, and as, nevertheless, an action could not be maintained upon it, Hambell may be entitled in foro conscientice, and in law, to compensation for tuition, and for advances, during the service of Hamilton. This might be recovered under the general count. And the Circuit Court had jurisdiction if Hambell was entitled to any thing for teaching Hamilton; for then the total amount of his, claim might and probably would exceed five pounds. And it seems to us, that, upon the facts proved, the jury might have been authorized to find a verdict for damages exceeding five pounds. But even if they could not have thus found, the general count contains matter sufficient to give jurisdiction, which does not depend on the amount of the verdict. Hamilton having refused to perform his part of \the contract, and having availed himself of the statute of frauds and perjuries, the law implied a promise to'-, pay what was reasonable for what he had received. ^
Wherefore, we are of the opinion thkt the Circuit. Court erred in instructing the jury to find as in case of a nonsuit. ■ j
And therefore, it is considered by this Court, that the-judgment of the Circuit Court be reversed, arjid the cause remanded for a new trial."