CASE 81—PETITION ORDINARY—FEBRUARY 15.

# Montague vs. Garnett.

APPEAL FROM OWEN CIRCUIT COURT.

3b 297
90 260

3bu297
115 149

3bu 297
121 616

3bu297
j136 418

1.  G. loaned M. corn and pork, which M. verbally agreed to return at the expiration of three years. No suit can be maintained to enforce this contract; but a suit can be maintained to enforce the implied promise, created by law, to pay for the consideration received—neither the letter nor the spirit of the statute prohibits a suit to recover on this implied obligation of the law.

2.  Verbal contracts, not to be performed within a year, are not declared by the statute to be void, but only that suit for their enforcement shall not be maintained.

3.  In verbal contracts, not to be performed within a year, there is, under the statute against frauds and perjuries, a distinction between contracts executed in part or wholly, and one to be wholly executed by both parties. (*Roberts vs. Tennell*, 3 *B. Mon.*, 252.) Whilst the implied promise, created by law, to pay for the consideration received in such contracts can be enforced, no suit can be maintained to enforce the contract itself. Yet the contract is available in behalf of the defendant, and he may protect himself against suit until the expiration of the time, and can use it for the purpose of reducing the amount of his liability under the implied promise created by law.

G. W. CRADDOCK,                           For Appellant,

CITED—

*Revised Statutes, chap.* 22, 1 *Stanton,* 264.

3 *Mon.,* 252; *Roberts vs. Tennell.*

4 *B. Mon.,* 415; *Halloway vs. Hampton.*

6 *B. Mon.,* 17; *Sanders vs. Kastenbine's ex'r.*

9 *B. Mon.,* 428; *Davenport vs. Gentry's adm'r.*

*Chitty on Contracts, ed'n* 1848, *p.* 67.

15 *B. Mon.,* 446, *and cases cited.*

*Civil Code, section* 123.

13 *B. Mon.,* 466; *Fible vs. Caplinger.*

*MSS. Opin., Goddard vs. Maddox.*

---

Montague vs. Garnett.

---

GROVER & DUVALL,                                    For Appellee,

CITED—

3 Mon., 247 ; *Roberts vs. Tennell.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Garnett leased Montague his farm for three years from January 1, 1861, until January 1, 1864, and, at the same time, verbally loaned him one hundred barrels of corn and three thousand three hundred and sixty pounds of pork, to be returned at the expiration of the lease.   The corn and pork not being returned, Garnett sued. and recovered judgment for their value, from which Montague appealed.

It is insisted that this was a verbal contract, not to be performed within a year, and, therefore, no recovery can be had because of the statute against frauds and perjuries.

There is evidently a distinction between contracts executed in part or whole, and one wholly to be executed by both parties, under said statute, as was said by this court  in *Roberts vs. Tennell,* 3 *Monroe,* $47; and, as therein said, the statute does not declare such contracts void, but only that suit for their enforcement cannot be maintained.

Where a contract is wholly executory on both sides, as neither could bring a suit for its enforcement, the legal effect would be the same as though the contract had been declared void; but this is not the effect of the statute where there has been an execution of the contract, in part or whole, by one party; for, in such cases, the law implies a contract to pay for the consideration received; and neither the letter nor spirit of the statute prohibits a suit to recover on this implied obligation of the law.

If a party borrows money, to be returned in two years, whilst no suit could be brought to enforce such mere verbal promise, yet a suit to enforce the implied promise, created by law, to return the money on the valuable consideration, could be maintained. Nor would the contract be without effect in such case, for the defendant could use it to protect himself against suit until the expiration of the time, simply because the statute has not declared the contract void. He could also use it for the purpose of reducing the interest below the legal rate, if such had been agreed; but he could not use it to prevent a recovery of the valuable consideration which he had derived by virtue of its terms, because the statute was never designed for such purposes. It was never designed to enable one man to get the property of another, by virtue of a parol contract, and then refuse to either execute the contract or return the property. Even in parol contracts for land, when possession has been delivered, courts adjust the rents and improvements on equitable principles, whilst they refuse to compel a specific execution of the contract.

When the law does not imply a promise to return the consideration, as for money loaned to be bet at cards, &c., but declares the contract void, no suit could be maintained, when the pleadings show the promise to return is verbal and not to be executed within a year, because the express promise would conflict with the statute against frauds and perjuries, and there would be no implied promise by law to sustain the suit. But when the consideration, so far from being illegal and vicious, is valuable and virtuous, neither the statute nor public policy forbid a recovery upon the implied promise, in law, to return or pay for it.

The instructions of the court, and verdict of the jury and judgment thereon, being in accordance with these views, the judgment is affirmed with damages.

NOTE.—The foregoing opinion was delivered February 15, 1867, but was misplaced, and, for this reason, was not published in a previous volume.