CASE 49.—ACTION BY GRANT McDANIEL AGAINST JOHN HUTCHERSON.—January 20, 1910.

## McDaniel v. Hutcherson

Appeal from Mercer Circuit Court.

M. C. SAUFLEY, Circuit Judge.

Judgment of dismissal, and plaintiff appeals.—Reversed.

1. Frauds, Statute of—Contracts—Time of Performance—Agreements within a Year.—Statute of Frauds, Sec. 7 (Ky. St. Sec. 470 [Russell's St. Sec. 1775]), prohibiting an action upon any agreement which is not to be performed in one year, unless some memorandum thereof is in writing, does not apply to contracts which may be performed within a year, and a contract to furnish plaintiff a home during defendant's lifetime and give him defendant's home place at the latter's death was not within the statute.

2. Frauds, Statute of—Real Estate—Agreement to Transfer.—A contract by defendant to furnish plaintiff a home during the former's lifetime, and give him defendant's home place at the latter's death, is within Statute of Frauds, Sec. 6 (Ky. St. Sec. 470 [Russell's St. Sec. 1775]), prohibiting an action upon a contract for the sale of real estate or any lease thereof for longer than a year, unless the contract or some memorandum thereof is in writing.

3. Frauds, Statute of—Breach of Contract—Damages.—If plaintiff did anything under an oral contract with defendant, within the statute of frauds, by which defendant agreed to furnish plaintiff a home during defendant's lifetime, if plaintiff would come to this state and live with him, and to give him his home place at defendant's death, before the contract was

McDaniel v. Hutcherson.

disaffirmed by defendant, plaintiff could recover reasonable compensation therefor, such as the reasonable expense of moving, and reasonable compensation for loss sustained in giving up his business elsewhere.

4.  Damages—Pleading—Allegations—Breach of Contract—Special Damages.—In an action for breach of contract by which defendant agreed to furnish plaintiff a home during defendant's life if plaintiff would come to this state and live with him, and to give him defendant's home place at the latter's death, plaintiff could not recover as damages the expense of moving to this state, and reasonable compensation for loss sustained in giving up his business elsewhere, etc., where the petition did not allege the amount of such expense, or the amount of loss incurred in leaving his former home.

5.  Damages—Allegations—Sufficiency.—A petition which, while not specifying the amount of special damage sustained, stated a cause of action and showed some loss to plaintiff, was sufficient on demurrer.

E. H. GAITHER for appellant.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Grant McDaniel filed in the Mercer circuit court the following petition: "The plaintiff, Grant McDaniel, states that in the year 1908, he was living with his family in the state of Illinois, and that the defendant, John Hutcherson, was living in Mercer county, Ky., that to induce the plaintiff to leave his home and business in the state of Illinois, the said defendant agreed and promised that if the plaintiff and his family would come to Kentucky, and live with the defendant, he, the defendant, would furnish the plaintiff a home during defendant's life, and that he would give the plaintiff his home place at defendant's death. He says that said home place consists of about 150 acres of land in Mercer county, Ky., of the value of $100 per acre. He says that said promise and agreement

was verbal, but that at divers times during the year 1908 it was renewed and confirmed by writings signed by the defendant, and that in compliance with and accordance with said agreement and contract this plaintiff canceled and abandoned his contract and home in Illinois and came to Kentucky at a great expense and loss of time and money, and came to the home of the defendant, and then and there agreed to perform the said contract and to live with the defendant, and work for him as agreed in said contract and agreement with the defendant, but that the defendant then refused to furnish the plaintiff a home or work, or to permit him to live with him as agreed, and refused and failed to perform any part of said contract, and refused to furnish the plaintiff with a home or work, and refused to secure to plaintiff his said farm at his death, and that by reason of his said failure the plaintiff was compelled to take his family into inadequate and unhealthy quarters, and to do unprofitable work in order to support himself and his family, and that he was thereby caused to suffer great hardship and loss, and that his children became sick from exposure caused by the defendant's failure to comply with said contract, and by reason of said exposure and hardships two of his children died. He says that defendant is over 80 years old, and in feeble health. He says that by reason of defendant's failure to comply with his said contract the plaintiff has been damaged in the sum of $20,000, for which he prays judgment and for all proper relief."

The defendant filed a general demurrer to the petition. The court sustained the demurrer. The plaintiff then filed an amended petition, filing with it the letters referred to. These letters were not sufficient to show that a contract had been made as alleged in

the petition, although they were to some extent confirmatory of the allegations of the petition. The court sustained a general demurrer to the petition as amended. The plaintiff declined to plead further, and his action having been dismissed, he appeals.

The only question arising on the appeal is whether the petition discloses an enforceable obligation. By the seventh section of the statute of frauds (Ky. St. sec. 470 [Russell's St. sec. 1775]), no action may be brought upon any agreement which is not to be performed in one year, unless it or some memorandum of it is in writing. Under this provision a contract that can not be performed within a year is unenforceable; but the statute has been uniformly held not to apply to contracts that may be performed within a year. Dickey v. Dickinson, 105 Ky. 748, 49 S. W. 761, 20 Ky. Law Rep. 1559, 88 Am. St. Rep. 337. So it has been held that a verbal contract to support a child might have been completed by the death of the child within a year from the time it was made. Stowers v. Hollis, 83 Ky. 548. For the same reason a contract by a son to support his mother during her life has been upheld. Whitley v. Whitley, 80 S. W. 825, 26 Ky. Law Rep. 134. See, also, Standard Oil Co. v. Denton, 70 S. W. 282, 24 Ky. Law Rep. 906; Yellow Poplar Lumber Co. v. Rule, 106 Ky. 455, 50 S. W. 685, 20 Ky. Law Rep. 2006. Under these authorities the contract set up in the petition is not within the seventh clause of the statute of frauds.

By the sixth section of the statute of frauds, no action shall be brought to charge any person upon any contract for the sale of real estate, or on any lease of it, for a longer time than one year, unless the contract or some memorandum of it is in writing. A life estate in land is a fee, and under the statute can

only be created by a contract in writing. The contract to furnish plaintiff a home during defendant's life, and to give him the home place at the defendant's death, is within the statute. In Berry v. Grady, 1 Metc. 553, Grady had married a niece of Bell's whom Bell had raised, and to whom he was much attached. Grady was about to move to Mississippi, and, to induce him to stay in Kentucky, and buy a farm in Woodford county, Bell agreed to pay $5,000 of the purchase money in three annual installments. He paid $2,000 and died before paying the remainder. It was held that, as the contract had been performed by Grady, and as he had qualified as administrator of the deceased, he might retain, as administrator, the $3,000 balance of the purchase money for the land. Concluding its opinion, the court said: ''The agreement was performed by Grady on his part, relying upon its fulfillment, by his intestate, who, had he lived, would undoubtedly have performed his part of it. It would, therefore, amount to a fraud upon the former, after he has executed the agreement, to deprive him of the benefit of it, on the ground that the contract was verbal merely. He can not be restored to the situation he was before the contract was made, nor can he be compensated in damages by any other standard than that furnished by the contract itself. The equity, as well as the law of the case, is, therefore, in favor of the appellee.

In Speers v. Sewell, 4 Bush, 239; Myles v. Myles, 6 Bush, 237; Usher v. Flood, 83 Ky. 552; Thomas v. Feese, 21 Ky. Law Rep. 206, 51 S. W. 150; Story v. Story, 61 S. W. 279, 22 Ky. Law Rep. 1731; Doty v. Doty, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, and in a number of other cases cited therein—it was held that, where services

McDaniel v. Hutcherson.

had been rendered during the life of another, on the promise that the person rendering the service should receive at the death of the person served a legacy, a reasonable compensation may be recovered for the services actually rendered; or where the person performing the contract was to receive a certain piece of land, the value of the land may be considered in fixing the compensation where there is no other adequate way of measuring the consideration received. Under the principle settled in these opinions, the plaintiff may recover reasonable compensation for what he did under the contract before it was disaffirmed by the defendant; that is to say, he may recover his reasonable expenses in moving to Kentucky, a reasonable compensation for the time lost in so doing, and a reasonable compensation for any loss that he actually sustained in giving up his home and business in Illinois and coming to Kentucky. The petition is not sufficient to warrant a recovery of the special damages we have indicated, as it does not show the amount of the expense incurred, the amount of time lost or its value, or the amount of loss actually incurred by the plaintiff in giving up his home in Illinois; but, as it shows some loss, it is sufficient on demurrer. There can be no recovery beyond the items we have indicated.

Judgment reversed, and cause remanded for further proceedings consistent herewith. The plaintiff may have leave to amend his petition.

Hobson, J. (dissenting). The opinion of the court makes the defendant liable in damages to the plaintiff to the extent that he sustained loss in giving up his home and contract in Illinois, his time lost, and his expenses incurred in moving to Kentucky, although

it is conceded by the court that the contract set up is within the statute of frauds and not enforceable. Where the defendant has received the consideration, and then relies on the statute, he may be required to return the consideration he has received; but no adjudged case or text-writer, so far as I can find, makes him liable in damages for the loss in plaintiff's business or his expenditures to others, where he refuses to carry out the contract.

In 29 Am. & Eng. Encyc. 836, the rule is thus well stated: "Although part performance by one of the parties to a contract within the statute of frauds will not, at law, entitle such party to recover upon the contract itself, he may nevertheless recover for money paid by him, or property delivered, or services rendered in accordance with and upon the faith of the contract. The law will raise an implied promise on the part of the other party to pay for what has been done in the way of part performance. But this right of recovery is not absolute. The plaintiff is entitled to compensation only under such circumstances as would warrant a recovery in case there was no express contract, and hence it must appear that the defendant has actually received or will receive some benefit from the acts of part performance. It is immaterial that the plaintiff may have suffered a loss because he is unable to enforce his contract." See Hambell v. Hamilton, 3 Dana, 501; Montague v. Garnett, 3 Bush, 297; Mannen v. Bradberry, 81 Ky. 153; 20 Cyc. 298.

In Browne on Statute of Frauds, sec. 118a, the rule is thus stated: "The rule that, where one person pays money or performs services for another upon a contract void under the statute of frauds, he may re-

cover the money 'upon a count for money paid, or re-covered for the services upon a quantum meruit, applies only to cases where the defendant has received and holds 'the money paid or the benefit of the services rendered. It does not apply to cases of money paid by the plaintiff to a third person in execution of a verbal contract between the plaintiff and defendant such as by the statute of frauds must be in writing.''

That damages can not be awarded for the violation of a contract within the statute of frauds, see Ala. Mineral Land Co. v. Jackson, 121 Ala. 172, 25 South 709, 77 Am. St. Rep. 46, and notes; Dunphy v. Ryan, 116 U. S. 497, 6 Sup. Ct. 486, 29 L. Ed. 703; Franklin v. Matoa Gold Mining Co., 158 Fed. 941, 86 C. C. A. 145, 16 L. R. A. (N. S.) 381, 14 Am. & Eng. Ann. Cas. 302. That the defendant is not liable unless the money paid or the services rendered inured to his benefit, see Kimmins v. Oldham, 27 W. Va. 265 Emery v. Smith, 46 N. H. 157; Marcy v. Marcy, 9 Allen (Mass.) 8; Pierce v. Paine, 28 Vt. 34, and cases cited.

The plaintiff's petition fails to show that the defendant actually received any benefit from what the plaintiff did. The plaintiff has only suffered a loss because he is unable to enforce his contract. The circumstances are not such as would warrant a recovery in the absence of an express contract. There are no facts on which an implied assumpsit by the defendant to pay anything can be predicated. The plaintiff has sustained a loss; the defendant has received nothing. To make him compensate plaintiff for his loss is simply to make him pay damages for breaking his contract. The defendant had under the statute a legal right to refuse to carry out the contract, and while he must in such a case return what he has received under it, he can not, for exercising a legal

right, be made to suffer a loss, or 'be compelled to compensate the plaintiff for the loss he thereby sustained. To make the defendant answerable in damages for the plaintiff's loss of his home and business in Illinois, or his expenditures in time and money on the faith of the verbal contract, is to hold him liable for not carrying out that contract, although the statute for the prevention of frauds and perjuries, gives him the right to do so.

For these reasons, I dissent from the opinion of the court.

BARKER and LASSING, JJ., concur in this dissent.