## Boone, et al. v. Coe.

(Decided March 28, 1913.)

Appeal from Monroe Circuit Court.

1. Contracts—Statute of Frauds—Conflict of Laws.—The Statute of Frauds relates to the remedy, and a contract for the lease of lands in Texas, which was made in this State and sought to be enforced here, cannot be enforced, if within the Statute of Frauds of this State.

2. Contracts—Statute of Frauds—Parol Lease For A Year to Commence at a Future Date.—A parol lease of land for a year to commence at a future date, is within the Statute of Frauds and unenforceable.

3. Contracts—Statute of Frauds—Defense—Pleading—Demurrer.—Where the Statute of Frauds requires a contract to be in writing, and the petition fails to allege that it is in writing, defense may be made by demurrer.

4. Contracts—Statute of Frauds—Damages—Recovery.—Where no benefit accrues to the defendant, no recovery can be had for expenses incurred and value of time lost on the faith of a contract unenforceable under the Statute of Frauds.

ALLEN SANDIDGE, SHERMAN SPEAR and PORTER & SANDIDGE for appellants.

BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, W. H. Boone and J. T. Coe, brought this action against defandant, J. F. Coe, to recover certain damages alleged to have resulted from defendant's breach of a parol contract of lease for one year to commence at a future date. It appears from the petition that the defendant was the owner of a large and valuable farm in Ford County, Texas. Plaintiffs were farmers, and were living with their families in Monroe County, Kentucky. In the fall of 1909, defendant made a verbal contract with plaintiffs whereby he rented to them his farm in Texas for a period of twelve months, to commence from the date of plaintiffs' arrival at defendant's farm. Defendant agreed that if plaintiffs would leave their said homes and businesses in Kentucky, and with their families, horses and wagons, move to defendant's farm in Texas, and take charge of, manage and cultivate same in wheat, corn and cotton for the twelve months next following plaintiffs' arrival at said farm, the defendant would have a dwelling completed on said farm and ready for occupancy upon their arrival, which dwelling plaintiffs would occupy as a residence during the period of said tenancy. Defendant also agreed that he would furnish necessary material at a convenient place on said farm out of which to erect a good and commodious stock and grain barn, to be used by plaintiffs. The petition further alleges that plaintiffs were to cultivate certain portions of the farm and were to receive certain portions of the crops raised, and that plaintiffs, in conformity with their said agreement, did move from Kentucky to the farm in Texas, and carried with them their families, wagons, horses and camping outfit, and in going to Texas they traveled for a period of 55 days. It is also charged that defendant broke his contract, in that he failed to have ready and completed on the farm a dwelling house in which plaintiffs and their families could move, and also failed to furnish the necessary material for the erection of a suitable barn; that on December 6th, defendant refused to permit plaintiffs to occupy the house and premises, and failed and refused to permit them to cultivate the land or any part thereof; that on the....day of December, 1909, they started for their home in Kentucky, and arrived there after traveling for a period of four days. It is charged that plaintiffs spent in going to Texas, in cash, the sum of $150; that the loss of time to plaintiffs and their teams in making the trip to Texas was reasonably worth $8 a

day for a period of. 55 days, or the sum of $440; that the loss of time to them and their teams during the period they remained in Texas was $8 a day for 22 days, or $176; that they paid out in actual cash for transportation for themselves, families and teams from Texas to Kentucky, the sum of $211.80; that the loss of time to them and their teams in making the last named trip was reasonably worth the sum of $100; that in abandoning and giving up their homes and businesses in Kentucky, they had been damaged in the sum of $150, making a total damage of $1,387.80, for which judgment was asked. Defendant's demurrer to the petition was sustained and the petition dismissed. Plaintiffs appeal.

Under the rule in force in this State, the statute of frauds relates to the remedy or mode of procedure, and not to the validity of the contract. Though the land is located in Texas, the parol contract of lease was made here, and here it is sought to enforce it. If unenforceable under our statute, it cannot be enforced here. Kleeman & Co. v. Collins, 9 Bush, 460. If the statute requires the contract to be in writing, and the petition does not allege it to be in writing, defense may be presented by demurrer. Bull v. McCrea, 8 B. Mon., 423; Smith v. Fah, 15 B. Mon., 446; Smith v. Theobold, 86 Ky., 141.

The statute of frauds, section 470, sub-sections 6 and 7, Kentucky Statutes, provides as follows:

"No action shall be brought to charge any person:

"6. Upon any contract for the sale of real estate, or any lease thereof, for longer term than one year; nor

"7. Upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent; but the consideration need not be expressed in the writing; it may be proved when necessary, or disproved by parol or other evidence."

A parol lease of land for one year, to commence at a future date, is within the statute. Greenwood v. Strother, 91 Ky., 482.

The question sharply presented is: May plaintiffs recover for expenses incurred and time lost on the faith of a contract that is unenforceable under the statute of frauds?

In the case of Hurley v. Woodsides, 21 Ky. L. Rep., 1073, Woodsides made a parol lease with Hurley for 25 acres of timber land for a period of five years. Under the contract Hurley was to clear five acres of the land in the winter of 1897 and 1898, ten acres in the winter of 1898 and 1899, and ten acres in the winter of 1899 and 1900, and was to have free use of the land so cleared up for three years thereafter. Woodsides agreed to erect a dwelling house, smoke house, kitchen and stable on the leased premises for Hurley's occupancy, and was to furnish a team of oxen with which to break up the land as soon as it was cleared. He was also to remove the logs lying upon the land at the time of the lease and to erect a tobacco barn for Hurley's use. Moreover, it was a part of the agreement that the contract was to be put in writing. Relying upon Woodsides' promise to do so, Hurley moved his personal effects into an old house located upon the land, which he was to occupy until the new house was finished, and gave up the premises previously occupied by him. After such removal, Woodsides denied that he had agreed to furnish cattle to break up the land or to remove the logs or to erect a tobacco barn, and refused to sign a contract embracing these stipulations. This refusal necessitated Hurley's abandonment of the leased premises. Alleging that as a result of Woodsides' failure to carry out the contract, he had been damaged in the sum of $100, the cost of removing his effects; $50 for time lost in hunting up another place; $200 in prospective profits which he would have realized by reason of his bargain, and $300 by reason of having been induced to surrender the premises formerly occupied by him. Hurley brought suit against Woodsides to recover the aforesaid item of damages, aggregating the sum of $650. The trial court sustained a demurrer to the petition, and the petition was dismissed. On appeal here the judgment was affirmed. After setting out the statute of frauds, the court said:

"Under this provision of the statute the alleged verbal contract was not binding or enforceable upon the parties thereto for the reason that it was a contract for the lease of real estate for a longer term than one year from the making thereof; and as the contract itself was not enforceable between the parties, no action for damages for refusing to execute it or to reduce it to writing can be maintained, as 'it would leave but little, if anything, of the statute of frauds to hold that a party might

be mulcted in damages for refusing to execute in writing a verbal agreement, which, unless in writing is invalid under the statute of frauds.' (Chase v. Frits, 132 Mass., 361; Lawrence v. Chase, 54 Mo., 196.)''

In the case of Bromley, et al. v. Broyles, 58 S. W., 984, it was held that a tenant with a parol agreement for a lease for another year, which was within the statute of frauds, could not recover as damages for breach of the contract the loss sustained by him in making preparations for raising a crop.

In the case of King v. Cheatham, 31 Ky. L. Rep., 1176, King sued upon a writing signed by himself alone, in which he bound himself to buy from Cheatham certain trees standing on her land, to be severed in the future. It appears that he cut some 263 trees from the land before he was ousted. He asked damages for his labor and profit. There was a judgment below for defendant. On appeal the judgment was affirmed. In discussing the validity of the contract, and the right of plaintiff to recover damages thereon, the court said:

''The statute merely withholds a right of action upon them as against the party who has not signed them. The prohibition of the statute must reach the spirit of its purpose. As a suit to recover damages for the breach of such a contract would be an indirect enforcement, such actions are held to be within the inhibition of the statute. (McCampbell v. McCampbell, 5 Litt., 92; Bromley v. Broyles, 58 S. W., 984.) Nor does part performance of the party signing affect the matter. (Hunter v. Simrall, 5 Litt., 62; Hambell v. Hamilton, 3 Dana, 501; Montague v. Garnett, 3 Bush, 297; Mannen v. Bradbury, 4 Ky. L. Rep., 951, 81 Ky., 153; Graves Co. Water Co. v. Ligon, 23 Ky. L. Rep., 2149; 112 Ky., 775.)

''Although a recovery of purchase money paid on such contract may be recovered if the party not bound refused to execute it, that is not in any sense an action upon the contract, but is for money had and received for which the consideration has failed, and for which the law implies a promise to repay. But nothing was paid by appellant as consideration on this contract.''

The same doctrine is applied in the case of Greenwood v. Strother, *supra*.

Indeed, it is the general rule that damages cannot be recovered for violation of a contract within the statute of frauds. Alabama Mineral Land Co. v. Jackson, 121 Ala.,

172, 25 Southern, 709, 77 Am. St. Rep., 464; Dunphy v. Ryan, 116 U. S., 497, 6 Sup. Ct., 486, 29 L. Ed., 703; Franklin v. Matoa Gold Mining Co., 158 Fed., 941, 86 C. C. A., 145, 16 L. R. A. (N. S.), 381, 14 Am. & Eng. Ann. Cas., 302.

To this general rule there are certain well recognized exceptions. Thus, in Speers v. Sewell, 4 Bush, 239; Myles v. Myles, 6 Bush, 237; Usher v. Flood, 83 Ky., 552; Thomas v. Feese, 21 Ky. L. Rep., 206, 51 S. W., 150; Story v. Story, 61 S. W., 279, 22 Ky. L. Rep., 1731; Doty v. Doty, 118 Ky., 204, 80 S. W. 803, 26 Ky. L. Rep., 63, 2 L. R. A. (N. S.), 713; and in a number of other cases, it has been held that where services have been rendered during the life of another, on the promise that the person rendering the service should receive at the death of the person served a legacy, and the contract so made is within the statute of frauds, a reasonable compensation may be recovered for the services actually rendered. It has also been held that the vendee of land under a parol contract is entitled to recover any portion of the purchase money he may have paid, and is also entitled to compensation for improvements. Fox v. Longley, 1 Mar., 388; McCracken, v. Saunders, 4 Bibb, 511; Grimes v. Shrieve, 6 T. B. Monroe, 557; Dean v. Cassidy, 88 Ky., 572.

And under a contract for personal services within the statute, an action may be maintained on a *quantum meruit*. Kleeman v. Collins, 9 Bush, 460; Myers v. Korb, 21 Ky. L. Rep., 163, 50 S. W., 1108. The doctrine of these cases proceeds upon the theory that the defendant has actually received some benefits from the acts of part performance, and the law, therefore, implied a promise to pay. In 29 Am. & Eng. Encyc., 836, the rule is thus stated:

"Although part performance by one of the parties to a contract within the statute of frauds will not, at law entitle such party to recover upon the contract itself, he may nevertheless recover for money paid by him, or property delivered, or services rendered in accordance with and upon the faith of the contract. The law will raise an implied promise on the part of the other party to pay for what has been done in the way of part performance. But this right of recovery is not absolute. The plaintiff is entitled to compensation only under such circumstances as would warrant a recovery in case there was no express contract, and hence it must appear that

the defendant has actually received or will receive some benefit from the acts of part performance. It is immaterial that the plaintiff may have suffered a loss because he is unable to enforce his contract."

In Brown on Statute of Frauds, section 118-a, the rule is announced in the following language:

"The rule that, where one person pays money or performs services for another upon a contract void under the statute of frauds, he may recover the money upon account for money paid, or recover for the services upon a *quantum meruit*, applies only to cases where the defendant has received and holds the money paid or the benefit of the services rendered. It does not apply to cases of money paid by the plaintiff to a third person in execution of a verbal contract between the plaintiff and defendant, such as by the statute of frauds must be in writing."

The foregoing rule is supported by the following cases: Kimmins v. Oldham, 27 W. Va., 265; Emery v. Smith, 46 N. H., 157; Marcey v. Marcey, 9 Allen (Mass.), 8; Pierce v. Payne, 28 Vt., 34; Hambell v. Hamilton, 3 Dana, 501; Montague v. Garnett, 3 Bush, 297; Mannen v. Bradbury, 81 Ky., 153.

In the case under consideration, the plaintiffs merely sustained a loss. Defendant received no benefit. Had he received a benefit, the law would imply an obligation to pay therefor. · Having received no benefit, no obligation to pay is implied. The statute says that the contract of defendant made with plaintiffs is unenforceable. Defendant, therefore, had the legal right to decline to carry it out. To require him to pay plaintiffs for losses and expenses incurred on the faith of the contract without any benefit accruing to him would, in effect, uphold a contract upon which the statute expressly declares no action shall be brought. The statute was enacted for the purpose of preventing frauds and perjuries. That it is a valuable statute is shown by the fact that similar statutes are in force in practically all, if not all, of the states of the union. Being a valuable statute, the purpose of the law-makers in its enactment should not be defeated by permitting recoveries in cases to which its provisions were intended to apply.

The contrary rule was announced by this court in the case of McDaniel v. Hutchinson, 136 Ky., 412. There the plaintiff lived in the State of Illinois. The defendant owned a farm in Mercer County, Kentucky. The defendant

agreed with plaintiff that if plaintiff and his family would come to Kentucky and live with defendant, the defendant would furnish the plaintiff a home during defendant's life, and upon his death, would give plaintiff his farm. It was held that although the contract was within the statute of frauds, plaintiff could recover his reasonable expenses in moving to Kentucky, and reasonable compensation for loss sustained in giving up his business elsewhere. Upon reconsideration of the question involved, we conclude that the doctrine announced in that case is not in accord with the weight of authority, and should be no longer adhered to. It is therefore overruled.

Judgment affirmed.