## Surgener v. Smith.

(Decided May 18, 1920.)

## Appeal from Whitley Circuit Court.

1. Frauds, Statute of—Lease Upon Coal Mine.—A lease upon a coal mine, which authorizes the lessee to dig for, remove and sell coals from the mine for a period of six years, is a contract within the statute of frauds.

2. Frauds, Statute of—Parol Evidence of Terms of Contract.— Parol evidence of the making of a contract and the terms of such contract is not competent to prove the existence of a contract within the statute of frauds, unless it is accompanied by the proof of other facts, which will have the effect of taking the contract out of the statute.

3. Frauds, Statute of—Sale of Real Estate—Ratification.—If one makes a sale of real estate, which is within the statute of frauds, by parol, and thereafter in ratification or consummation of the parol contract, conveys the real estate to the vendee or to some one to whom the vendee directs it to be conveyed, the statute of frauds is satisfied.

J. B. SNYDER, H. C. GILLIS and B. B. SNYDER for appellant.

STEPHENS & STEELY and H. L. BRYANT for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, John Surgener, and the appellee, Isham Smith, were the joint owners of a lease, which authorized them to operate a coal mine for the period of six years, and to dig, remove and sell coal therefrom during the time. The lease was executed to them as joint lessees. With the lease they obtained the ownership of a mule from the lessor. The mule seems to have been the only property jointly owned by them, excepting the lease. In about ten days after acquiring the leasehold, they organized a corporation for the purpose of conducting operations in the mine, under, and as they were authorized by the terms of the lease. The capital stock of the corporation amounted to the sum of $500.00 and each of them was a subscriber for one-half of the stock, and, thereafter, each controlled one-half of it, although a few shares were donated to relatives in order that there might be a sufficient number of stockholders to organize a corporation of that kind and from among whom the necessary number of directors could be chosen. It seems

the mule was turned over to the corporation, and afterward they, or the corporation, acquired three other mules, a few rails and certain improvements were made in the mine. Surgener contends that he paid in money for the stock subscribed for by him, and this Smith denies, and claims that the money amounting to $160.00, which was·furnished by Surgener in aid of their operation, of the mine was advanced to the corporation and thereafter was repaid to him, and that they each worked for the corporation at $75.00 per month, which was credited as payment upon their subscriptions for the stock, and that each of them drew and used money belonging to the corporation. The lease was never transferred or assigned to the corporation, although Smith contends that was what was intended to be done at the time of the organization, and that they often agreed with each other to make the assignment, but through neglect, it was never done. This Surgener denies and claims that he never had any intention of assigning his interest in the lease to the corporation. The mine, which was the subject of the lease, was an old one, much troubled with water in wet seasons, and previous to Smith and Surgener having taken the lease, the attempts by several to operate the mine, had resulted in financial disaster. The price of coals was low, and in June, 1916, after several months of attempts upon the part of Surgener and Smith to operate the mine, the former obtained a position as a mine foreman in another place, and proposed to the latter to sell to him his interest in the stock of the corporation, as Surgener claims, but, his entire interest in the corporation and the lease as Smith claims. The negotiations between them, as Surgener claims, resulted in a sale by him of his stock in the corporation to Smith, but as Smith claims it resulted in a sale to him of all the interests which Surgener owned, connected with the mining operations, including· the lease; and that Surgener agreed at that time to assign his interest in the lease, but, whether to Smith or to the corporation, it is not plain, and that he, Smith, supposed at the time and afterwards, until he had made a sale of the lease, that Surgener had duly assigned his interest in it, as he had agreed to do. Then, and shortly afterwards, Smith paid to Surgener the amount agreed upon as a consideration for whatever was sold by Surgener to Smith. Surgener departed to Harlan county where he engaged in another

business and Smith operated the mine, under the lease, until in October following, when, with assistance of Moore and McKinley, he effected a sale of the corporation to Walker. This sale included the lease, because, as Smith claims, the lease was a portion of the corporate property. On October 19th, Surgener duly executed an assignment of his interest in the lease to Walker, and on November 1st, Smith, likewise assigned his interest in the lease to Walker Walker failing to be able to comply with the terms of the contract upon his part, a sale at the time was not effected, but on the 4th day of November, he renewed his offer to purchase the property, including the leasehold, for a greater sum than the first arrangement contemplated, and his proposition was accepted by Smith and the price paid to him, and the lease with its assignment delivered to Walker, as well as the stock of the corporation, properly transferred to him. About one year thereafter, Surgener instituted this action against Smith, seeking to recover from him a sum, which he estimated to be equal to one-half of the amount, which he had been informed, that Smith had received from Walker for the lease. A trial resulted in a verdict by the jury, and a judgment of the court denying to him any recovery, and he has appealed.

A reversal of the judgment is sought upon two grounds, wherein it is contended that the trial court erred to the prejudice of Surgener's substantial rights.

(1) One of the grounds is, that Smith was permitted to testify and to call other witnesses, who gave evidence in proof of the fact that Surgener made a parol contract of sale to him of Surgener's interest in the lease, and of the terms of the contract, and the admission of such testimony, it is insisted was erroneous. The basis of the objection to the evidence is, that it is an attempt to prove a contract for the sale of real estate, when the contract was admittedly by parol, and no part of it in writing subscribed by the vendor. That a contract for the sale of real estate or a lease thereof, for a term of more than one year, unless the "promise, contract, agreement . . . or ratification, or some memorandum or note thereof, be in writing," and subscribed by the vendor, cannot be enforced over the objection of either party, is a provision of the statute of frauds. Section 470, Kentucky Statutes. The sale of a lease of real estate is within the inhibition of the statute, unless evidenced by a writing,

as provided in the statute. Smith v. Perkins, 15 K. L. R. 627; Greenwood v. Strother, 13 K. L. R. 33; Duncan v. Duncan, 13 K. L. R. 917; Carter v. Flexner, 13 K. L. R. 608; Smith v. Smith, 9 R. 100. A parol contract for the sale of real estate, however, is not void, as it has been sometimes loosely said, except in the sense that it is not enforceable, and may be repudiated by either party, until such time it is put in writing, and subscribed by the party to be charged, which in the case of a sale of real estate, is the vendor. Smith v. Leforce, 14 K. L. R. 399; Kleeman v. Collins, 9 Bush 460; Scherwan v. Gunkel, 1 K. L. R. 406; Clary's Heirs v. Marshall's Heirs, 5 B. M. 266; McKinley v. McKinley, 23 K. L. R. 2314; Beinlien v. Johns, 102 Ky. 570; Hunter v. Simrall, 5 Litt. 62; Letcher v. Cosby, 2 A. K. M. 107; Gaines v. Fitch, 14 R. 620. Hence, a parol contract for the sale of real estate, when it has been consummated by the execution and delivery of the necessary writing, is not affected by the statute of frauds. Hence, a parol contract concerning a sale of real estate, which is within the inhibition of the statute, may be taken out of the statute by a conveyance by the vendor to the vendee, or to some person to whom the vendee may direct the conveyance to be made.

The result of the foregoing principles necessarily has the effect to make oral evidence of the existence of a contract, which the statute of frauds requires to be in writing, inadmissible to prove such a contract, unless the proof of the contract is accompanied by evidence of other facts which have the effect of taking the contract out of the statute. 20 Cyc. 316. In the instant case, the contention of Smith was that by a parol contract, he purchased Surgener's interest in the corporation and the lease—the latter he considered to be an asset of the corporation—and that the title to all passed to him by the transfer by Surgener of his stock in the corporation and the assignment of his interest in the lease to Walker, who was Smith's vendee; that the assignment of the lease by Surgener to Walker was the consummation of the parol contract, which Smith claimed that he and Surgener had entered into, and that he had paid to Surgener the entire consideration. Surgener upon the other hand, denied that he had, by parol or otherwise, sold his interest in the lease to Smith, or that the assignment by him to Walker was in performance of the contract between him and Smith. If Smith's claim was in

accordance with the truth of the case, although the contract for the purchase of Surgener's interest in the lease was by parol and the parol proof of it, would, as a general rule, be incompetent for the purpose of proof of the existence of such a contract, the other facts, in evidence, if true, would have the effect of taking the contract out of the statute, and hence, the admission of the evidence complained of was not error.

The controversy between the parties was not whether the assignment of the lease had been made by Surgener, nor whether the legal title of Surgener had passed out of him, but the controversy was over the proceeds of the sale of the lease.

(2)   The other action of the trial court, of which Surgener complains, is that the court erred in giving and refusing instructions to the jury. He offered an instruction which peremptorily directed the jury, as a matter of law and fact, that he was the owner of a one-half interest in the lease, and, which was true, if he had not, in fact, sold his interest to Smith, and assigned it to Walker in consummation of the sale to Smith; but if Smith's contention was the truth, Surgener is not the owner of a half interest in the proceeds of the sale of the lease to Walker, since the assignment by him transferred his interest in the lease to Walker, and if the contract, under which that was done, made Smith the beneficiary of the sale to Walker, in that event, Surgener had no ground of recovery. To have given the instruction asked for would have been to ignore the only real issue in the action. Surgener bases his cause of action upon the averments, in his petition, to the effect, that, he and Smith were joint owners of the lease and that he authorized Smith, as his agent, to sell his interest in the lease, and that in pursuance of such authority, Smith did make a sale to Walker, and that he, at Smith's direction, executed the assignment to Walker and received the consideration, which he refused to share. Smith denied by his answer any agency, for Surgener, but averred that he made the sale in his own right, having theretofore become the owner of Surgener's interest, by purchasing same from him, and that in consummating the sale, Surgener had assigned his interest in the lease. Surgener denied having at any time made a contract, parol or otherwise, with Smith, by which he had sold his interest in the lease to Smith. Whether Surgener's as-

signment of the lease was made in ratification or consummation of the parol contract of sale, which Smith contends that Surgener made to him, or whether it was a sale by Surgener to Walker, of his interest in the lease, the assignment satisfied the statute of frauds so far as vesting the title in Walker and divesting Surgener of title, and doubtless the trial court entertained the view that the questions in the case were no longer affected by the provision of the statute of frauds, and submitted to the jury as the only question for decision in determining whether Surgener had any right to share in the sum for which the lease was sold to Walker, was the question as to whether or not Surgener had, by the parol contract, claimed by Smith, sold his interest in the lease to Smith, along with the sale of his interest in the corporation, and assumed that the assignment made by Surgener of his interest in the lease was in ratification or consummation of the parol sale, which Smith claimed was made to him. Of course, conceding that the parol contract was made, Surgener could not be required to perform it, nor could Smith enforce it. If the contract was made, Surgener could, within his legal rights, have repudiated it, and hence to entitle Smith to enforce it, it would have to be made to appear that the assignment by Surgener was not a sale by him in his own right to Walker, but was made in consummation or ratification of the parol contract of sale claimed by Smith. Smith was endeavoring to enforce the contract, which he claims that he made with Surgener, but, under the provisions of the statute of frauds a parol contract for the sale of real estate or a lease thereof for a term exceeding one year, cannot be enforced. The existence of the contract in parol, which Smith relies upon would not avail him anything, unless, it was ratified by Surgener in writing. If the court assumed, by its instructions, and it seems, that it did so, that the assignment by Surgener to Walker was in consummation or ratification of the parol contract of sale relied upon by Smith, it assumed a fact, about which the evidence was very contradictory, and a fact necessary to be established to sustain Smith's defense. Hence, the court should have submitted to the jury, not only the question whether Surgener sold his interest in the lease to Smith by parol, but, further, whether the assignment made by Surgener to Walker was in consummation or ratification of the parol contract

of sale, to Smith. Because of the error in the instructions the judgment must be reveised. and the cause remanded for other proper proceedings, not inconsistent with this opinion.