HOLLOWAY
*vs*
HAMPTON.

A sale, decreed by the Chancellor to satisfy a judgment debt which has not been replevied, should be on such a credit as a sale under execution would be made.

---

## Holloway *vs* Hampton.

ERROR TO THE JESSAMINE CIRCUIT.

*Verbal contracts. Statute of frauds.*

JUDGE MARSHALL delivered the opinion of the Court.

ASSUMPSIT.

*Case* 85.

*April 25.*

Case stated.

4bm415
e117 125

THIS action of assumpsit was brought upon a verbal contract, by which the plaintiff agreed to sell and deliver to the defendant, in good order, at his factory, the plaintiff's crop of hemp, then on hand, as soon as it should be prepared for manufacturing, and to deliver, in like manner, his crops to be raised the two succeeding years upon the same quantity of land which he usually put in hemp; and the defendant agreed to receive the hemp and pay therefor at the rate of six dollars per 112 pounds, but the agreement to cease on the death of either party.

This action is brought for the refusal of the defendant to receive and pay for, at the contract price, the next succeeding crop after the date of the contract. And the only question in the case arises under the last clause of the first section of the statute of frauds, which provides that no action shall be brought upon "any agreement which

HOLLOWAY
*vs*
HAMPTON.

A contract to deliver a crop of hemp, raised the present year and that of two succeeding years, which may be raised by vendor, is within the statute of frauds, and as it is an entire contract no part of it is binding.

is not to be performed in the space of one year from the making thereof," unless there be some memorandum of the agreement in writing, &c.

Understanding this clause to refer to such agreements as, according to their terms, are not to be fully performed within one year, the agreement in this case comes clearly within the clause in question, and the action upon it is interdicted by the statute, unless, as is suggested on the part of the plaintiff, the provision that the agreement should cease upon the death of either party, should take the case out of the statute. Why or how it should have this effect has not been intimated, nor do we perceive any possible ground for it. The question is whether, according to the terms of the agreement and the intention of the parties as thereby indicated, the performance is or is not to be within the year. It has been decided that if the time of performance depends, by the contract, on a contingency which may happen within the year, the case is not within this clause of the statute, because, altho' the contingency may not happen within the year, yet as it may happen within that period, in which case the contract is to be then performed, the agreement cannot be said to be one which is not to be performed within the year. But here the contingency referred to in the contract instead of fixing the time of performance defeats it altogether. The contingency may indeed happen within the year, but if it does it would not bring the time of performance within the year, and therefore, can have no tendency to take the contract out of the statute.

The question has presented itself, whether, as the crop of the first year succeeding the date of the agreement might have been delivered within a year from that time, this action might not be maintained upon the stipulations relating to that crop: but upon consideration of the subject we are satisfied that the agreement, tho' it consist of various mutual stipulations which may be performed or violated at different periods, must, in view of the statute, be regarded as one entire contract, as indeed it is in fact, and that, altho' some of its stipulations might be to be performed within the year, yet as the agreement—that *is* the entire agreement, for there is but one—is obviously

not to be performed within the year, and cannot be, no action can be maintained for the breach of those stipulations which might and should have been performed within that time. The statute embraces all agreements which are to be fully performed within the year.

Wherefore the judgment is affirmed.

*Hewitt* for plaintiff: *Robinson & Johnson and Sayre* for defendant.