CASE 88—PETITION EQUITY—APRIL 18.

# Greenwood v. Strother.

### APPEAL FROM TRIMBLE CIRCUIT COURT.

A CONTRACT FOR THE LEASE OF REAL ESTATE FOR THE TERM OF ONE
YEAR FROM A FUTURE DATE is a contract not to be performed within
one year, and is, therefore, within the statute of frauds, and not bind-
ing, unless in writing, signed by the party to be charged.

J. S. MORRIS FOR APPELLANT.

A parol lease of real estate for the term of one year, to commence at a
future day, is valid. The seventh clause of the statute of frauds does
not relate to agreements concerning land. (Gen. Stats., chap. 22, art.
1, sec. 1, clauses 6 and 7; *Idem*, chap. 63, art. 1, sec. 6; 2 Preston's
Shep. Touch., 241; 4 Kent's Comm., pages 96-100; 1 Vernon, 159; 1
B. & Ald., 722; Young v. Dake, 5 N. Y., 463; Fall v. Hazlerigg, 45
Ind., 586; Railsback v. Walke, 81 Ind., 412; Baynes v. Christian, 68
Ind., 376; Sobrey v. Brisbee, 20 Iowa, 105; Allen v. Devlin, 6 Bosw.,
6; Dean v. Roesler, 1 Hilt., 421; Childers v. Talbott, 16 N. M., 275;
McCoy v. Toney, 5 S. O. (Miss.), 392; Chinn v. Bland, MS. Op. (Ky.),
1856; Gen. Stats., page 249, note.)

MORRIS & PEAK OF COUNSEL ON SAME SIDE.

McCAIN & CARROLL FOR APPELLEE.

A parol lease of land for one year from a future day is within the statute
of frauds, and void. (Davenport, Adm'r, v. Gentry, 9 B. M., 428;
Kleeman & Co. v. Collins, 9 Bush, 460; Watson v. Holmes, &c., 8
Ky. Law Rep., 780.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, in January, 1889, verbally contracted
to lease from the appellee the latter's farm, commenc-
ing on the first day of the following March, and end-
ing on the first day of March, 1891. The appellee
refused to comply with this contract, and the appel-
lant sued him for damages. The court sustained a
demurrer to the petition upon the ground that, as

the cause of action was not to be performed within a year from the making of it, it was within the statute of frauds. The appellant has appealed from that decision.

Section 1 of chapter 22, General Statutes, provides: "No action shall be brought to charge any person— * *

" *Sixthly*, upon any contract for the sale of real estate, or any lease thereof for a longer term than one year ; nor,

" *Seventhly*, upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification be in writing and signed by the party to be charged."

The appellant contends that, inasmuch as the expression "from the time of making thereof" is not at the end of the sixth clause, *supra*, the statute was intended to prohibit an action on a verbal contract to lease land, the period of which was not longer than one year from the commencement of the term, and not from the time of making the contract of lease ; that is, if the date of the agreement to lease the land is within a year of the commencement of the term, and the term itself is not to be longer than a year, the contract is good.

This construction would make a verbal contract of lease good for two years, one year for the commencement of the term, and an actual term of one year ; and, but for the inhibition of the seventh clause, the time between the date of the agreement and the commencement of the term, might be any number of

years. Now, if this construction be correct, there would be a verbal binding contract of lease for two years. But the statute says that no verbal contract of lease shall be for a longer term than one year, the object of which was not to trust human recollection of contracts longer than one year; but according to the appellant's construction it would be trusted in reference to such matter two years; for, according to this construction, there would be a binding contract for two years; and, what is worse, one year of which would be a sort of masked battery, to be opened on innocent third persons who might purchase the land in that year. Besides, this court has time and again construed the seventh clause to mean that the time, in case of verbal agreements, commenced from the date of the contract, and not from the commencement of its performance; for instance, a verbal contract made with a person in the fall for a year's service, commencing the next January, was within said section; and we fail to see any good reason why the same construction should not be applied to the sixth clause. Indeed, the seventh controls the sixth in this particular. To have the one contract good for two years, and the other good for only one year, would be drawing a distinction without a reason.

The judgment is affirmed.