CASE 13—ACTION BY BASTIN TELEPHONE COMPANY AGAINST RICH-
MOND AND CUMBERLAND TELEPHONE COMPANY FOR BREACH OF CON-
TRACT.—DEC. 16.

# Bastin Telephone Co. v. Richmond Telephone Co., &c.

### APPEAL FROM MADISON CIRCUIT COURT.

FROM A JUDGMENT SUSTAINING A DEMURRER TO THE PETITION, PLAIN-
TIFF APPEALS. AFFIRMED.

INDIVISIBLE CONTRACT—STATUTE OF FRAUDS—NOT TO BE PERFORMED
WITHIN A YEAR.

Held: 1. A parol contract between two telephone companies that each should build a line to a point half way between two towns and there connect, the connection to be made within a year from the date of the contract, and that each should then have the use and benefit of the other's lines and connection free of charge for twenty years, is indivisible, and, both as to

Bastin Telephone Co. v. Richmond Telephone Co., &c.

the provision for construction and as to that for use, void, under Kentucky Statutes, section 470, providing that no action shall be brought to charge any person on an oral agreement which is not to be performed within one year from the making thereof.

J. TEVIS COBB, J. E. ROBINSON, LEWIS L. WALKER, ATTORNEYS FOR APPELLANT.

The facts alleged in the petition and admitted by appellee's demurrer to be true, show, that in March 1900, A. H. Bastin and the Richmond Telephone Company entered into a verbal contract wherein they agreed to erect a telephone line between the city of Lancaster and the city of Richmond, each to construct the line to a half way point between said cities, and the line to be completed by September 1, 1900, or as soon thereafter as practicable; and said lines could easily have been finished by November 1, 1900, at which time the Lancaster end of the line was finished. Bastin sold his end of the line and the benefit of his contract to appellant. It was further provided in said contract that after the lines were completed, the parties thereto should have the privilege of using the lines and connections that each party then had or might thereafter acquire, free of charge.

We submit that it can not be successfully contended that the verbal contract to erect the line, which was clearly to be completed within a year, could be within the statute of frauds, because of the mere fact that the benefit of the contract extends beyond a period of one year.

## AUTHORITIES CITED.

Constitution of Kentucky, sec. 199; Kentucky Statutes, sec. 470; Howard v. Burgin, 4 Dana, 437; Standard Oil Co. v. Denton, 70 S. W., 282.

SMITH & BUSH, ATTORNEYS FOR APPELLEES.

## POINTS AND AUTHORITIES.

1. The alleged parol contract between the parties to this action, that each should build a telephone line, one from Richmond, Kentucky, and the other from Lancaster, Kentucky, to a point half way between and there connect, and that each should then have the use and benefit of the other's lines and connections, free of charge for a period of twenty years, is a

contract not to be performed within one year, consequently, within the statute of frauds and not enforceable.

2. The Cumberland Telephone & Telegraph Company, is only a stockholder in the Richmond Telephone Company, and not liable for violation of the latter's contract.

### AUTHORITIES CITED BY APPELLEE.

Holloway v. Hampton, 4 B. M., 415; Beach on Contracts, vol. 1, sec. 11; L. & N. R. R. Co. v. Howard, 15 R., 25; Kentucky Statutes, sec. 470.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

Appellant sued appellees, the Richmond and Cumberland Telephone Company for $2,000 damages, for the violation of a parol contract to the effect that each party should build a telephone line, one from Richmond, Ky., the other from Lancaster, Ky., to a point half way between the two towns, and there connect, and that each should then have the use and benefit of the other's lines and connection free of charge for a period of twenty years. The poles were to be erected by both parties, and connection made, within a year from the date of the contract. They were actually erected by appellant within the time stipulated in the contract, and appellee Richmond Telephone Company, had partly erected its part of the line, when, as alleged, the appellee, Cumberland Telephone Company, obtained a majority of the stock in the Richmond company, and took the control and complete management thereof, stopped erection of this line and refused to carry out the contract, and had abandoned same. The lower court sustained a demurrer to the petition, evidently on the ground that an action on such a contract was inhibited by the statute.

The appellant contends that because the contract stipulated that the poles were to be erected on the line between

the two towns, and the connection made, within the twelve
months, and that it was within the power of the parties
to the contract to complete same within the time named,
therefore the contract was valid and binding. So much
of section 470, Ky. Stat., as is applicable to the question
presented, reads as follows: "No action shall be brought
to charge any person . . . upon any agreement which is
not to be performed within one year from the making
thereof, unless the promise, contract, agreement, repre-
sentation, assurance, or ratification, or some memorandum
or note thereof, be in writing, and signed by the party to
be charged therewith. . . ." The statute refers to such
contracts as can not be performed by either party within a
year, and although it may contain various stipulations, some
of which may be performed within a year, yet if any part
of it can not be so performed it is clearly within the statute.

In the case of Halloway v. Hampton, 4 B. Mon., 415, the
plaintiff had agreed to sell and deliver to defendant his
crop of hemp then on hand, as soon as prepared for manu-
facture, to be delivered at a certain place and at a certain
price, and in like manner to deliver his crop of the two suc-
ceeding years. The suit was brought for the refusal of
the defendant to receive and pay for, at the contract price,
the next succeeding crop after the date of the contract.
Defendant contended that the contract was not to be per-
formed within a year, and, being verbal, was within the
statute. The court, in discussing that case, said: "The
question has presented itself whether, as the crop of the
first year succeeding the date of the agreement might have
been delivered within a year from that time, this action
might not be maintained upon the stipulations relating to
that crop; but upon consideration of the subject we are

satisfied that the agreement, though it consists of various mutual stipulations which may be performed or violated at different periods, must, in view of the statute, be regarded as one entire contract, as indeed it is in fact, and that, although some of its stipulations might be performed within the year, yet as the agreement—that is, the entire agreement, for there is but one—is obviously not to be performed within the year, and can not be, no action can be maintained for the breach of those stipulations which might and should have been performed within that time.   The statute embraces all agreements which are to be fully performed within the year."

The agreement in that case to deliver the second and third crops of hemp was as much a part of the contract as the stipulation to deliver the first.   So, here, the agreement for the use of the two telephone lines, the terms upon which each was to use the other's lines, and the length of time for which such use was to exist, constitute just as much a part and as important an element in the contract as the provision for the construction of the lines.   The completion of the lines and connection of the wires would not and could not complete this contract. · It would be but the beginning of the expected beneficial part of same.   An executed contract is defined as "one in which the object of the contract is performed."   The violation of this verbal contract by appellees, and the statutory prohibition in the way of the enforcement of it will work injury to appellant, but it results from the neglect of appellant in not having this contract, or some memorandum thereof, reduced to writing and signed by the parties.

For these reasons, the judgment is affirmed.