## Tracy v. Deshon.

(Decided February 3, 1914.)

### Appeal from Franklin Circuit Court.

Contracts—Statute of Frauds.—An agreement in writing signed by the party to be charged, by which the owner of land agrees to carry out a certain oral lease for a year beginning some months after the date of the writing, is a contract not to be performed within a year, and is not sufficient under the statute of frauds when it does not contain the terms of the oral contract which is to be carried out.

LESLIE W. MORRIS and HAZELRIGG & HAZELRIGG for appellant.

SCOTT & HAMILTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On March 1, 1911, W. H. Clark, by oral contract rented to Walter Tracy for the years 1911 and 1912 a piece of land containing eighteen or twenty acres situated on what is known as the James A. Holt farm in Franklin County. Tracy was to cultivate the land in corn, he to have one-half the corn raised on the land and Clark the other half. In November, 1911, Clark transferred the land to J. F. Deshon, and as a part of the consideration for this transfer, the following written contract was entered into between them:

"This agreement made and entered into this the 25th day of November, 1911, by and between W. H. Clark, of Franklin County, Kentucky, party of the first part, and J. F. Deshon, of Franklin County, Kentucky, party of the second part,

"Witnesseth: That in consideration of W. H. Clark vacating the house on or before December 10th, 1911, the house occupied by him on the Holt farm, and also removing all of his property located in the out-buildings or house thereon; and the further consideration that said J. F. Deshon may at once move any of his property into said house or store anything in the cellar thereof, that does not interfere with any property of said W. H. Clark on said premises; the said J. F. Deshon undertakes and agrees to abide by any contract that said W. H. Clark and Clara Clark, his wife, may have entered into on the first day of March, 1911, whereby they rented to the hereinafter mentioned parties tracts of land on the Holt farm for 1911 and 1912, by and between themselves and Marshall Armstrong, Walter Tracy, J. C. McDonald, Mason Lee and Taylor Hockensmith.

"It is further agreed that said W. H. Clark is to have the right to enter upon the lands of the farm occupied by him for the purpose of removing or disposing of any crop grown thereon and now severed from the soil, or may have been grown during the cropping year 1911. The said right to so enter not to extend a longer period of time than to March 1st, 1912.

"W. H. CLARK,
"J. F. DESHON."

In the spring of 1912, Deshon refused to allow Tracy to cultivate the land, and Tracy brought this suit against Deshon to enforce the specific performance of the contract. The circuit court dismissed his petition, and Tracy appeals.

The written contract signed by Deshon, if enforcible at all by Tracy must be regarded as a contract made by Deshon with Clark for the benefit of Tracy, by which Deshon bound himself to carry out Clark's oral lease of the land to Tracy for the year 1912. Viewed in this light, Deshon's contract is necessarily a contract to lease the land for the year 1912, and the contract being made on November 25, 1911, is a contract not to be performed within a year.  Our Statute of Frauds provides:

"No action shall be brought to charge any person * * *

"6. Upon any contract for the sale of real estate, or any lease thereof for longer term than one year; nor,

"7. Upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof be in writing, and signed by the party to be charged therewith, or by his authorized agent; but the consideration need not be expressed in the writing; it may be proved when necessary, or disproved by parol or other evidence." (Kentucky Statutes, section 470.)

Under this statute it has been held that a lease of land for the term of one year from a future date is not enforcible unless the contract is in writing. (Greenwood v. Strother, 91 Ky., 482.)

It will be observed that the writing signed by Deshon does not show what the contract between Clark and Tracy was.  What land was included in it, on what terms it was rented and for what purpose, are matters on which the writing is silent.  For the court to enforce the contract all these matters must be established by parol evidence.  This cannot be done.  In Fowler v. Lewis, 3 A. K. M., 443, a suit was brought upon a letter which referred to a previous oral agreement, but did not set out the agreement.  It was held that the whole contract not being set out in writing, parol evidence could not be heard to piece out the writing, and show what the oral agreement was.  The court said:

"Independent of any statute, an agreement, which can be the subject of specific execution, must be fair, full and complete in all its parts; and if any part of it was left undefined and incomplete by the parties in their negotiations equity would not supply it, by amending the agreement and adding what the chancellor might deem reasonable and proper.  For such supplement would

then be the work of the court, and not the act of the parties; it would be making instead of simply enforcing what was made. This rule was equally applicable to the contract, whether it was written or verbal. Since the adoption of the statute the contract must be in writing, and that writing must be complete in itself. It is not competent for the party, claiming the benefit of such contract to show that part only was reduced to writing, and then to supply the residue by parol evidence. The evidence to establish one part of the contract must be of the same grade with that which proved the residue, and that, according to the statute, must be in writing, at least so far as it imposes any obligation on the party to be charged therewith."

The same conclusion was reached in the Court of Appeals of New York in Wright v. Weeks, 25 N. Y., 153, in which a lease was to be made "upon the terms as specified." The court said:

"If a reference in writing to a verbal agreement would let in that agreement, where the subject was one which the statute required to be in writing, it would be sufficient for parties desiring to avoid the trouble of reducing their bargains to writing, to sign a statement that they had contracted verbally respecting a given subject, and they would thus dispense with the statute."

The same conclusion was reached by the Supreme Court of Missouri in Ringer v. Holtclaw, 112 Mo., 519, the court saying:

"At common law, if the contract was incomplete on its face, oral evidence was admissible to supply the defects, because the oral contract was good without the writing, and, the presumption that all the agreement was in the writing being negatived on its face, no principle of law was violated, in admitting the parol evidence. But under the statute of frauds, if the subject matter of the contract is within the statute, and the contract or memorandum is deficient in some one or more of the essentials required by the statute, parol evidence cannot be received to supply the defects, for this were to do the very thing prohibited by the statute."

(See also Jackson v. Strowger Automatic Tel. Ex., 108 Ga., 646, Baily v. Fitzmaurice, 8 Ellis & Blackburn, 664, and cases cited in the above).

It is alleged in the amended petition that Deshon by the writing ratified, approved and agreed to execute and

carry out any agreement or lease which Clark had there-
tofore made with Tracy and others, "and if same is not
expressed in the writing, the provision requiring the
carrying out of the oral contract between Clark and the
plaintiff was left out by mistake and inadvertence."
This allegation seems to have been inserted to meet the
objection that the writing does not positively bind
Deshon to carry out Tracy's lease from Clark.

It is not sufficient as an averment that the terms of
the different leases between Clark and his tenants were
left out of the writing by inadvertence or mistake. The
writing shows on its face that it was not contemplated
that the terms of these contracts should be expressed in
it. The parties did not omit anything by mistake; they
simply failed to enter into a written contract which was
sufficient under the statute of frauds.

Judgment affirmed.