## Gault v. Carpenter.

(Decided February 10, 1920.)

### Appeal from Mason Circuit Court.

1. Frauds, Statute of—Contract Not To Be Performed Within a Year.—A contract for the leasing of real estate for a term of one year from a future date, is a contract not to be performed within one year, and is within the statute of frauds and not binding unless in writing signed by the party to be charged.

2. Landlord and Tenant—Notice to Vacate Premises.—Where a tenant leases land for a year to terminate on a fixed date at the end of the year, notice to him from the landlord to vacate the land at the end of the year, is unnecessary.

3. Frauds, Statute of—Contract Not To Be Performed Within a Year.—Part performance of a verbal contract for a lease of land for a term longer than one year, will not take the contract out of the statute of frauds; and Jones v. Comlth., 104 S. W. 782 (not elsewhere reported) in so far as it seems to hold that part

performance of such a contract by the lessee will estop the lessor to repudiate it, is overruled.·

J. M. COLLINS and FRANK P. O'DONNELL for appellant.

A. D. COLE and W. A. BYRON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The proceedings resulting in this appeal began with a writ of forcible detainer issued, at appellant's instance, against appellee, March 11, 1919, by the Mason county court, to compel the surrender to the former by the latter of the possession of a farm in Mason county owned by her, his alleged illegal detention of which was charged in the warrant. The inquisition in the county court resulted in a verdict and judgment finding the appellee not guilty of the forcible detainer charged. Thereupon, appellant filed a traverse in the Mason circuit court, the trial of which resulted in a like verdict and judgment; from which she prosecutes this appeal.

It appears from the bill of evidence found in the record that appellee under a parol lease from the appellant occupied and cultivated the farm in question for a year beginning March 1, 1918, and ending March 1, 1919. The matter in controversy between them here is as to his alleged right to continue in possession of and cultivate the farm for another and second year, which began March 1, 1919, and will end March 1, 1920; it being appellee's contention that he acquired such right by virtue of a parol contract to that effect made by him with appellant in the summer or fall of 1918. On the other hand it is the contention of appellant that no such contract was made; and that if the making thereof as claimed by appellee could be said to have been established by the evidence, as it provided for the leasing of the farm for a term exceeding one year and was not in writing, it was within the statute of frauds and by reason thereof unenforceable.

It is by no means clear from the appellee's own testimony that the alleged verbal contract by which he claims to have leased the farm of appellant for the year, beginning March 1, 1919, and ending March 1, 1920, was ever completed. It is true, that when asked by his counsel whether such a contract had been made he gave an affirmative answer. The answer, however, was but

a conclusion elicited by a leading, and consequently improper, question; but our analysis of his testimony as a whole inclines us to the belief that while he was endeavoring through negotiations, which began in July and ended in September, 1918, to lease the farm of appellant for another year, such negotiations went little, if any, further than to show what crops appellant desired produced on the farm, if rented the succeeding year, and what fields should be cultivated.

Appellee's testimony is likewise so indefinite regarding the terms of the alleged contract as to render it well nigh impossible for us to tell what they were. We do not understand that appellee claims its terms were the same as those of the contract under which he leased the farm the previous year, and the terms of that contract, except that the lease expired March 1, 1919, are not disclosed by his testimony nor elswhere in the record.

Appellee's testimony is positive and clear, however, in two particulars: First, it fixed the date of the alleged contract under which he claims a second year's renting of appellant's farm as September 1, 1918, or within a week thereafter. Second, that the term of the lease was to begin March 1, 1919, and end March 1, 1920. So, with these facts admitted by appellee, we can, notwithstanding our doubt of the sufficiency of the evidence to establish the alleged contract relied on by him, for the purposes of the decision the law compels of us in this case concede that the contract in question was made between appellant and appellee as claimed by the latter. However, in fairness to the appellant it should be said that her testimony specifically contradicts that of appellee on all material issues of fact raised on the trial of the traverse in the circuit court.

If the appellee early in September, 1918, verbally contracted with appellant as claimed to lease from the latter her farm, for a term commencing March 1, 1919, and ending March 1, 1920, the contract was and is unenforceable, because not in writing as required by Kentucky Statutes, section 470, subsections 6-7, known as the statute of frauds, which provides:

"No action shall be brought to charge any person . . . . 6. Upon any contract for the sale of real estate, or any lease thereof for longer term than one year; nor, 7. Upon any agreement which is not to be performed within one year from the making thereof, unless the

promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof be in writing, and signed by the party to be charged therewith or by his authorized agent; . . ."

In Greenwood v. Strother, 91 Ky. 482, a verbal contract, substantially the same in terms as that here involved, was sought to be enforced. But in that case it was held that a contract for the lease of real estate for the term of one year from a future date is a contract not to be performed within one year, and is, therefore, within the statute of frauds, and not binding, unless in writing, signed by the party to be charged. It was there contended by the appellant, as it is here contended by the appellee, that in as much as the expression "from the time of making thereof" is missing from the end of the sixth clause, *supra,* the statute was intended to prohibit an action on a verbal contract to lease land, the period of which was not longer than one year from the commencement of the term, and not from the time of making the contract of lease; that is, if the date of the contract to lease the land is within a year of the commencement of the term, and the term itself is no longer than a year, the contract was valid. In rejecting this contention the court said:

"This construction would make a verbal contract of lease good for two years, one year for the commencement of the term and an actual term of one year; and, but for the inhibition of the seventh clause, the time between the date of the agreement and the commencement of the term, might be any number of years. Now, if this construction be correct, there would be a verbal binding contract of lease for two years. But the statute says that no verbal contract of lease shall be for a longer term than one year, the object of which was not to trust human recollection of contracts longer than one year; . . . besides this court has time and again construed the seventh clause to mean that the time, in case of verbal agreements, commenced from the date of the contract, and not from the commencement of its performance; for instance, a verbal contract made with a person in the fall for a year's service commencing the next January, was within said section; and we fail to see any good reason why the same construction should not be applied to the sixth clause. Indeed, the seventh controls the sixth in this particular. To have the one contract good for two years,

and the other good for only one year, would be drawing a distinction without reason.''

In the more recent case of Boone v. Coe, 153 Ky. 233, adhering to the doctrine announced in Greenwood v. Strother, *supra,* we again held that a parol lease of land for a year to commence at a future date is within the statute of frauds and unenforceable. To the same effect is the case of Hurley v. Woodsides, 21 R. 1073. It is manifest from the authorities, *supra,* that the alleged verbal contract relied on by appellee, did not entitle him to continue in possession of appellant's farm a second year; for, as according to its terms, established by his own admissions of fact, it was not to be performed within a year from the date of the making thereof, and was not in writing, it was clearly within the statute of frauds and for that reason invalid for any purpose.

It is, however, insisted for appellee that as he was not given six months written notice by appellant to surrender the farm at the expiration of the year for which he first leased it, viz.: March 1, 1919, such failure, together with the performance of certain work he claims to have done on the farm preparatory to the raising of other crops thereon, entitled him to continue in possession of same another year; and the instructions of the circuit court to the jury seem to have been based upon this theory. This contention is wholly untenable. If his original lease of the farm had been in writing and contained a provision giving him an option of a second year's lease of it, notification to appellant on or before the expiration of the first year's lease of his purpose to avail himself of such option, would have entitled him to hold over another year, without another written lease. But the original lease was not in writing and it is not claimed by appellee that it contained an option permitting him to retain the farm another year, hence he can have no right to remain in possession of it on that ground. If his first lease of the farm was, according to its terms, to end March 1, 1919, as is admitted, notice to him to then surrender possession of it was unnecessary. Although notice to him to surrender such possession was not required, he admits that he received from appellant in September, 1918, verbal notice and in November, 1918, written notice to that effect. It is his further claim, however, that as he had previous to the notice leased the farm for another year to commence-

March 1, 1919, and end March 1, 1920, the notices could not interfere with his right to retain the farm for the second term. This contention ignores the fact that his alleged lease last made was, like the first, within the statute of frauds and unenforceable, for which reason he acquired no right to retain possession of the farm under it.

Nor had appellee a right to remain in possession of appellant's farm beyond March 1, 1919, on the ground that his alleged second contract with her constituted an extension of the first lease entitling him to hold over until March 1, 1920. This claim was attempted to be asserted under Kentucky Statutes, section 2295, which provides:

"If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. . . ."

Obviously, we cannot sustain this contention, because the contract under which appellee claims the right to remain longer in possession of the farm being within the statute of frauds and for that reason unenforceable, is not an "express contract" in the meaning of the statute which could confer upon him the right claimed. But if the contract here relied on were not void for the reason given, as a contract is "express" only when the agreement is formally stated and its terms openly declared in writing or orally at the time the contract is entered into, it is clear that the one in question does not measure up to the above standard. 13 Corpus Juris 240; Linn v. Ross, 10 Ohio 412.

Appellee's claim of a performance in part by him of the alleged contract could not be relied on by way of estoppel to appellant's prosecution of the writ of forceable detainer. The performance in part of the alleged contract consisted of the fencing of a small grass lot, some plowing of little value in the fall of 1918, and the sowing of a tobacco plant bed in February, 1919, all, according to the weight of evidence, done by appellee after he was notified by appellant that he must surrender the leased premises March 1, 1919. It is a well known rule that part performance of a contract that is within the statute of frauds will not take it out of the statute. Halloway v. Hampton, 4 B. Mon. 415; Davenport v. Gentry, 9 B. Mon. 427; Boone v. Coe, 153 Ky. 233.

In Jones v. Commonwealth, 104 S. W. 782 (not elsewhere reported), relied on by appellee, it was held that an estoppel might, without formally pleading it, be relied on by the defendant as a defense in a forceable detainer proceeding under the general issue made by his plea of not guilty. But, in further holding that a good estoppel arising out of the part performance of a contract that was within the statute of frauds, could be relied on as a defense in such a proceeding, the opinion is out of harmony with all other cases decided by this court in which that question was involved, therefore the opinion in Jones v. Commonwealth, *supra*, to the extent that it holds such estoppel a good defense, is overruled.

It is unnecessary to discuss the instructions that were given the jury by the circuit court, as in our opinion the peremptory instruction directing a verdict finding the appellee guilty of the forceable detainer charged, asked by appellant at the conclusion of the evidence, should have been given. For the reasons indicated the judgment is reversed and cause remanded for a new trial and such further proceedings as may conform to this opinion.