## Cracraft v. McDaniel.

(Decided October 20, 1922.)

### Appeal from Mason Circuit Court.

1. Frauds, Statute of—Verbal Contracts—Tenancy.—A verbal contract within the statute of frauds is unenforcible by either party, and the terms thereof cannot determine the character of the tenancy of one who entered the premises of another thereunder, or be decisive as to whether notice to vacate was due.

2. Forcible Entry and Detainer—Frauds, Statute of—Estoppel.—Partial performance of such a contract is not available as estoppel for defense in forcible detainer.

A. D. COLE, J. M. COLLINS and JOHN D. CARROLL for appellant.

C. L. DALY and B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This forcible detainer proceeding was begun by appellant on March 13, 1922, to evict appellee from a house and lands which he had occupied and cultivated as appellant's tenant for the previous year under a verbal contract.

·The parties agree that this contract was entered into orally in August, 1920, and that the term was to and did begin March 10, 1921, but they disagree as to its duration, appellant testifying that it was for one year while appellee testified that it was for "three or four years."

This difference as to the length of the term is clearly immaterial, since the contract was illegal and unenforcible by either party because within the statute of frauds in ·either event, and there is no direct contention otherwise. It was treated however as material upon the trial in determining the character of appellee's tenancy, and as decisive of whether or not he was entitled to notice to vacate. In fact this was the only question of fact submitted to the jury, and the jury's verdict for the tenant was of necessity based upon a finding that the original contract of rental was for an indefinite period, or, as appellee stated, for "three or four years" rather than for one year as appellant testified.

It is therefore perfectly clear that the judgment entered upon the verdict rests solely upon the validity ascribed by the court in the instructions given to this verbal agreement, if for "three or four years" as claimed by appellee. That this was error is at once apparent from a mere statement of the facts, as is the further fact that any defense asserted upon the contract of rental alone should have been disallowed as matter of law by the court.

The only other defense interposed was an alleged estoppel resulting from partial performance of the original contract, and of another verbal agreement for a second year alleged to have been entered into in the summer or fall of 1921.

Upon this precise question, and upon facts almost identical and entirely analogous, we held in Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254, that an estoppel was not created, and that a verdict should have been directed as asked to find the tenant guilty of the forcible detainer charged.

That case, moreover, is conclusive that partial performance of a contract within the statute of frauds is not available as an estoppel in forcible detainer proceedings, since in so holding upon authority of several cases cited, the only case to the contrary was expressly overruled as being "out of harmony with all other cases decided by this court in which that question was involved."

Wherefore the judgment is reversed, with directions to direct the verdict for the plaintiff, if upon another trial the evidence is the same.