## Tarry v. Vick.

(Decided May 4, 1926.)

### Appeal from Calloway Circuit Court.

Frauds, Statute of—Contract of Employment to Continue for 12 Months from Date Subsequent to Execution Held Within Statute as Not to be Performed Within Year (Kentucky Statutes, Section 470).—Verbal contract of employment, made April 3, 1924, to begin April 15 and continue for 12 months, held within statute of frauds (Kentucky Statutes, section 470), as not to be wholly performed within year.

JOE H. WEEKS for appellant.

COLEMAN & LANCASTER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Vick, sued appellant, Tarry, in the Calloway circuit court to recover damages for breach of con-

tract of employment alleged to have been for a period of one year from April 15, 1924, at $3.00 per day, straight time. Tarry answered and denied that he entered into any contract with appellee, Vick, by which he employed him to work for appellant, but avers that he did employ him to work for a corporation engaged at Martin, Tennessee, in the manufacture of fly screens, appellant being superintendent or general manager of the company, with authority to employ and discharge men for the company. As further defense appellant, Tarry, pleaded that he engaged appellee, Vick, to work for the company at three ($3.00) dollars per day and that no period was specified and the company had the right to discharge Tarry at any time when his work should prove unsatisfactory or unnecessary, and Vick had the right to leave the employment of the company at any time either with or without cause. Issue being joined a trial resulted in a verdict for appellee, Vick, in the sum of $314.49, and Tarry has entered his motion for an appeal. That motion is sustained, and appeal granted for the reasons hereinafter set forth.

It is averred in the petition of Vick that he was employed on the 15th day of April, 1924, for twelve months, ending April 15th, 1925. The evidence of appellee, Vick, given in his own behalf is to the effect that on the 3rd day of April, 1924, he entered into a verbal contract upon which he sues, and by the terms of which he was to begin work on the 15th day of April following, and to continue for twelve months ending on the 15th day of April, 1925. Clearly the contract declared upon was not to be performed within a year and was within the statute of frauds, reading:

"No action shall be brought to charge any person . . .

"7. Upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent; but the consideration need not be expressed in the writing; it may be proved when necessary, or disproved by parol or other evidence."

In considering this provision of the statute of frauds, we have held that where the contract is such that it can-

not be performed within a year, it is necessary that the agreement shall be in writing and signed by the party to be charged; Smith v. Theobald, 86 Ky. 141; and it was further said: "It is well settled by this court that a verbal contract for a year's service, to be commenced at some future time, is within the statute, because the contract can not be wholly performed within a year from the time of making it." We have further held that a lease of land for the term of one year from a future date is not enforceable unless the contract is in writing. Greenwood v. Strother, 91 Ky. 482. In 25 R. C. L., p. 477, it is said:

"Though the period of service is only for a year, still if the period is to commence *in futuro* and not on the day following the inception of the contract it is held that the contract is within the statute."

The precise question we have here was under consideration in the case of Kleeman v. Collins, 9th Bush 460, and we said:

"A contract made for the services of another for one year, the term of service to commence five days from the date of the contract, is as much within the statute as if the parol agreement had been made five years prior to the time at which the services were to begin. . . .

"The authorities on this point are conclusive. A contract for a year's service to commence some days hence, must be in writing," and many authorities are cited.

It was held in the Smith-Theobald case, *supra,* that where the plaintiff's petition expressly discloses a verbal contract, as in this case, when the statute of frauds requires it to be in writing, signed by the parties to be charged, or the petition is silent as to whether the contract was in writing, signed by the defendant, the defect may be reached by demurrer; or, if the judgment is rendered on petition by default, the error is fatal on appeal. Section 470, Kentucky Statutes, prohibits the bringing of an action on a contract not to be wholly performed within a year which is not in writing. According to the testimony of appellee, Vick, the contract was made upon the 3rd day of April, 1924, to begin April 15th of that year, and to continue for twelve months. It was not, therefore, to be wholly performed within a year, and being verbal was not enforceable. Other questions made

by appellant need not be considered and are expressly reserved.

Judgment reversed for proceedings consistent herewith.