## Wilson et al. v. Adath Israel Charitable & Educational Ass'n's Agent.
(Decided Nov. 19, 1935.)

**56**

C. J. WILSON, SHACKELFORD MILLER, JR., and HARDIN H. HERR for appellants.

CHARLES W. MORRIS and LEIBSON & LEIBSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In a forcible detainer proceeding instituted by Phil Grauman, agent for the Adath Israel Charitable & Educational Association, the court, at the close of the evidence and upon motion of plaintiff, directed the jury to find for plaintiff, and pursuant to a directed verdict adjudged that defendants, C. J. and Ethel Wilson, were guilty of forcibly detaining from plaintiff its property at 840 South Third street in Louisville, Ky., that it was entitled to restitution of the premises, and that a warrant of restitution issue placing plaintiff in possession thereof. Defendants are appealing.

On February 17, 1933, appellee, under a written

contract leasea to appellants the property in question. The contract contains the following provisions:

"It is understood that parties of the 2nd part are to make all repairs and additions and alterations to this property at their own cost, and whatever is added to or made part of said property is to remain on the premises at the expiration of this lease and be the property of the owners. It is also understood that should 2nd parties put any additions to the property and advise rental Agent, Grauman, of such addition, the agent will take the same up with the Board, and see if they will allow any reduction in rent for said additions. For the space of one year from March 1, 1933, and privilege of 2 years additional on same terms and covenants to keep the tenant in quiet possession of the premises during said term. The said property is to be used as hereinafter described, and not otherwise, viz: private family dwelling, with permission to take in lodgers and roomers. 2nd parties to pay all water, gas, and electric bills for said premises. Owner to take care of roof and down spouts, all other repairs to be taken care of by 2nd parties. 2nd parties agree to pay for all labor and materials for any work they do on said property and to hold owners not liable for any labor or material. * * *"

The rent was paid for the first month, but appellants upon demand failed to pay the rent for April after same was due, and this proceeding was thereupon instituted.

It was the contention of appellants in the court below, as it is here, that there was an oral agreement between them and appellee whereby the terms of the written contract were modified. Concerning the alleged modification of the written contract, C. J. Wilson testified in substance that it was agreed that appellants would occupy the premises for three years at the rent specified in the contract, and that appellee would have the property repaired provided C. J. Wilson would supervise the work done, pay the bills when they fell due, and that the amount so paid would be applied as an offset against subsequent rent payments; that pursuant to this modification agreement, he gave up all other activities to supervise the work of repairing the

property and expended sums in making repairs aggregating over $2,500.

As we view the matter, the only question to be determined is whether the alleged oral modification of the original written contract comes within the statute of frauds, although appellee is making the further contention that if it does not it must fail because there was no consideration to support it.

Our statute of frauds, section 470, Kentucky Statutes, provides:

> "No action shall be brought to charge any person * * * upon any contract for the sale of real estate, or any lease thereof for longer than one year; nor,

> "Upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent."

Respecting the validity of an oral modification of a contract, there is, as a matter of first impression, a conflict and confusion of authority, but on examination of the authorities and a consideration of the facts and circumstances of each particular case, it will be found that the conflict is not so great as on less mature consideration it might appear. Some question is made as to whether the original contract falls within the statute, but that question is immaterial except in so far as it may relate to the validity of a subsequent modification, since it is in writing. Unquestionably such a lease contract comes within the quoted provision of the statute and is invalid unless in writing, because (1) it involves a lease of real estate for longer than one year, and (2) it was not to be performed within one year. Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254; Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 A. L. R. (N. S.) 907; Cracraft et al. v. McDaniel, 196 Ky. 128, 244 S. W. 300; Hurley v. Woodsides, 54 S. W. 8, 21 Ky. Law Rep. 1073.

It is argued by counsel for appellants in effect that the parties had a right to modify the contract and that the subsequent oral agreement, which it is claimed was

made, was not, under the statute of frauds required to be in writing; that the contract could be and has been performed by them within one year; and that the statute applies only to agreements not to be performed within such time.

It is a well-recognized doctrine that parties to a contract may modify or rescind it. See Vinaird v. Bodkin's Adm'x, 254 Ky. 841, 72 S. W. (2d) 707, 711, and the numerous authorities therein cited. In that case it is said:

> "The power to modify or rescind a pre-existing agreement is coextensive with the power to initiate it; either is an incident of contractual capacity. [Citing authorities.] This rule prevails, though the contract recites that no modification shall be made except in writing." Citing authorities.

To the same effect, see W. H. Simmons & Co. v. Price's Adm'r, 238 Ky. 332, 38 S. W. (2d) 6. In the latter case it is held that an agreement to modify or change the terms of a contract may be oral, provided however that the form of the contract is not forbidden by the statute of frauds. This we find to be in accord with the rules prevailing in this and other jurisdictions. The rule concerning the modification of contracts with respect to the statute of frauds is tersely and clearly stated in Murray v. Boyd, 165 Ky. 625, 177 S. W. 468, 471 which is cited and relied on by both sides. In the opinion the rule is stated thus:

> "It is a well-settled rule that a contract not required to be in writing may be discharged or modified by subsequent oral agreement, and that the parol evidence rule does not exclude oral evidence thereof in a proper case. * * * And a contract required to be in writing may be rescinded by parol agreement. * * * But as to modification of such contract by parol the rule is more strict. If the contract is required to be in writing, evidence will not be admitted to prove a subsequent parol agreement which materially modifies the writing; that is, if the subsequent agreement is itself within the statute of frauds, and of a nature required by law to be in writing."

As supporting the contention that the oral agreement, which it is claimed was made modifying the writ-

ten contract is permissible under the statute of frauds, counsel for appellants cite and rely on the case of Klatch v. Simpson, 237 Ky. 84, 34 S. W. (2d) 951, and a number of other cases from this jurisdiction. Upon a careful reading of the Klatch Case, it will be seen that it gives recognition to the prevailing doctrine that evidence will not be admitted to prove a subsequent parol agreement to modify a contract required to be in writing if such agreement materially modifies the original contract and itself comes within the statute. In that case it was held that the modification did not come within the statute because it only related to the time and manner of payment of the consideration and did not alter or modify the contract in its essence. Here an entirely different situation is presented, because the claimed modification agreement to all practical intents and purposes constituted a new and entirely different contract from the original. In the original contract, the lessor leased the premises to the lessees for one year for a monthly rental of $75 with the obligation upon the latter to make all repairs, additions, and alterations to the property at their own expense, with the right and privilege reserved to lessees to retain the property for two additional years upon the same terms. Under the alleged parol agreement appellants leased the property for a term of three years for a monthly rental of $75, with the obligation upon appellees to make the necessary alterations and repairs. Lessees, however, were to supervise the repairs and alterations and pay the costs thereof, and this was to be deducted from future rents. It requires no argument to demonstrate that the claimed parol agreement materially and essentially modified the written contract. The other cases cited by appellant may be as easily distinguished as the Klatch Case, and none of them hold or indicate that such parol modification of the contract required to be in writing does not come within the statute of frauds.

Authorities point unerringly to the conclusion that the alleged subsequent parol agreements contravene both subsections 6 and 7 of section 470 of the statute, and respecting appellants' claim that they had fully performed the agreement and therefore the case is taken out of the statute and appellee is estopped from relying thereon, it may be said that at most the evidence merely tends to show part performance. It is an established rule in this jurisdiction that with the exception of

contracts not to be performed within one year, part. performance of a contract required by the statute to be evidenced by a writing does not operate to take the transaction out of the statute, although a party may have equitable rights which he may enforce. Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, 178 S. W. 1084; Maloney v. Maloney et al., 258 Ky. 567, 80 S. W. (2d) 611; Dant v. Head, 90 Ky. 255, 13 S. W. 1073, 12 Ky. Law Rep. 153, 29 Am. St. Rep. 369; Usher's Ex'r v. Flood, 83 Ky. 552, Id., 17 S. W. 132, 12 Ky. Law Rep. 721; Smith v. Cloyd, 260 Ky. 393, 85 S. W. (2d) 873.

Since the asserted parol agreement involves a lease of real estate which by the statute is required to be in writing, part performance will not bring it within the exception to the general rule, nor will it afford a defense by way of estoppel in a forcible detainer proceedings. Gault v. Carpenter, supra; Boone v. Coe, supra; Klein v. Liverpool & L. & G. Ins. Co., 57 S. W. 250, 22 Ky. Law Rep. 301; Cracraft v. McDaniel, supra. However, if there be merit in appellants' claim, authorities, including some herein cited, indicate that equitable rights arising therefrom might otherwise be enforced.

Judgment affirmed.

Whole court sitting.