### Sutton v. Staton.

(Decided Nov. 29, 1938.)

HOWARD H. WHITEHEAD for appellant.

JOHN J. WINN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

On January 18, 1937, the appellant, Sherman Sutton, entered into an oral agreement with the appellee, William Staton, whereby appellant "was to become tenant upon a farm owned by the said Staton at Howard's Mill in Montgomery County, Kentucky, said tenancy to continue from March 1, 1937, to March 1, 1938." Appellant was to have the use of the house on the farm for a year at a rental of $100. Appellee failed to carry out the agreement or to deliver possession of the property, and this suit was thereupon filed to recover damages in the sum of $500 for the alleged breach of contract. The trial court sustained a demurrer to the petition. The appellant declined to plead further and his petition was dismissed. This appeal followed.

It is stated in briefs that the demurrer was sustained because the petition, on its face, showed that the alleged oral agreement could not, by its terms, be performed within one year. Kentucky Statutes, 1936 Edition, Sec. 470, subsec. 7. It has been settled by a long line of decisions that a verbal lease for one year, to commence at a future date, is unenforceable under the Statute of Frauds. Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254; Cracraft v. McDaniel, 196 Ky. 128, 244 S. W. 300; Greenwood v. Strother, 91 Ky. 482, 16 S. W. 138, 13 Ky. Law Rep. 33; Thomas v. McManus, 64 S. W. 446, 23 Ky. Law Rep. 837; Hayden v. Clark, 108 S. W. 845, 32 Ky. Law Rep. 1341; Moore v. Terrell, 111 S. W. 297, 33 Ky. Law Rep. 822. Appellant's only response to this array of authority is that his contract was simply to raise a crop of tobacco, and that, under the decision of this court in Burden v. Lucas, 44 S. W. 86, 19 Ky. Law Rep. 1581, such a contract can be performed within a year and is not, therefore, within the Statute of Frauds. The petition fails to allege anything concerning a crop of tobacco and it expressly alleges that the oral lease was to continue for the term of a year. Appellant also avers that he was to have the use of the house on the farm for the year. Certainly, in the face of these allegations we could not say that the contract was to extend only during the period necessary to raise a crop as appeared in Burden v. Lucas, supra, or that the contract was capable of performance within a year. So far as the petition before us discloses, the agreement involved is entirely executory, and is not capable of performance within one year from the date of which it is alleged to have been made. The court did not err in sustaining the

demurrer. Simpson v. Peavyhouse, 207 Ky. 155, 268 S. W. 814.

Judgment affirmed.