# Specht et al. v. Stoker.

March 2, 1951.

J. Ward Lehigh, Judge.

Henry I. Fox and William H. Crutcher, Jr. for appellants.

Robert P. Hobson, John P. Sandridge, and Woodward, Hobson & Fulton for appellee.

JUDGE LATIMER—Affirming.

In the summer of 1946 appellants entered into a written lease with appellee, by the terms of which they leased to appellee for a period of five years a portion of premises which they owned. We are particularly concerned with the following provisions in the lease: "The premises shall not be underlet, or the term, in whole or in part, assigned, transferred, or set over by the act of the lessee, by process or operation of law, or in any other manner whatsoever, without the written consent of the lessor, and for a violation of this stipulation, in addition to the forfeiture provided in the ninth clause, the rent shall be doubled while the default continues."

And the ninth clause provides: "This lease, at the option of the lessor, shall be void and forfeited in case of any violation of any covenant herein contained."

Appellants' claim for judgment below was based on a violation of the covenant not to sublet without written consent and their right under clause nine to declare a forfeiture.

On October 25, 1947, appellee executed to Earnest Neal a written sublease of a portion of the premises which was to run from November 1, 1947 to December 31, 1951. No written authority to sublet the premises was ever obtained from appellants. The Spechts obtained a writ of forcible detainer against Charles E. Stoker in county court. Judgment was entered in favor of Stoker. The Spechts filed a traverse and sought review of the proceeding in the Jefferson Circuit Court. In the circuit court the matter by agreement was tried without the intervention of a jury. Plaintiffs requested a separate finding of facts and conclusions of law.

In its finding of facts, the court found that the lease provided the premises should not be sublet or assigned without written consent of the lessors; that the defendant Charles E. Stoker did sublet the premises to Earnest Neal without the written consent of the Spechts; that before the premises were sublet the Spechts through their attorney, Judge Henry I. Fox, orally agreed that if defendant would make certain repairs they would consent to the sublease; that these repairs were made by the defendant; and that in November 1947 the plaintiff, Louise E. Specht, knowing that Earnest Neal was Stoker's subtenant in part of the leased premises, each month thereafter accepted the monthly rental for the premises in accordance with the terms of the lease.

As to the law the court found that even though there was no written consent for the subletting that since plaintiffs through their attorney and agent orally consented to the subletting, it was valid. The court further found that the plaintiffs, since they with knowledge of the subletting received and accepted the monthly rental each month beginning with November 1947 and continuing to the trial of the case waived any right they may have had to cancel the lease because of defendant's failure to obtain the written consent, and are estopped from asserting the forfeiture provided for in the lease.

Appellants are here insisting first that the court erred in permitting appellee to introduce verbal evidence

in the support of contention that appellants had verbally waived the forfeiture provisions of the lease since both the original lease between the parties, which was violated, and the sublease contract by appellee with the third party are within the statute of frauds. In support of this position a number of cases are cited among which is Murray v. Boyd, 165 Ky. 625, 177 S. W. 468, 471 in which is found this language: "If the contract is required to be in writing, evidence will not be admitted to prove a subsequent parol agreement which materially modifies the writing; that is, if the subsequent agreement is itself within the statute of frauds, and of a nature required by law to be in writing." See also Wilson v. Adath Israel Charitable & Educational Ass'n's Agent, 262 Ky. 55, 89 S. W. 2d 318.

Apparently appellant is taking the position that the subsequent agreement as mentioned in the quotation above in the instant case would be the sublease agreement between appellee and the third party. In this, appellants are in error. The subsequent agreement would be the oral agreement to waive the provision requiring written consent to sublease. There is nothing in the statute of frauds which requires consent of the lessor to sublease to be in writing. It becomes apparent, therefore, that the cases cited and relied upon by appellants are not in point. In Khourie Bros. v. Jonakin, 222 Ky. 277, 300 S. W. 612, 614 it is said: "* * * it must be conceded that, as the provision that the notice should be in writing was for the benefit of the party who wished to rely on a writing, such party could waive the requirement * * *."

In Johnson v. Stumbo, 277 Ky. 301, 126 S. W. 2d 165, 170 it is said: "There is no rule of law which prevents the mutual annulment of a written contract, though it relates to a land transaction, or that hinders a supplement, even by parol."

See also Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S. W. 2d 1039, 79 A. L. R. 1374; Rich v. Rose, 124 Ky. 669, 99 S. W. 953; Wilson v. Adath Israel Charitable & Educational Ass'n's Agent, 262 Ky. 55, 89 S. W. 2d 318.

Appellee's evidence shows that appellants through their attorney, Judge Fox, orally consented to this subletting. This evidence stands undenied by appellants.

The court on the basis of that evidence found as a matter of fact that appellants orally agreed and consented for the sublease. We conclude that this finding was justified under the proof and that the court correctly and properly applied the law. We deem it unnecessary to go into a discussion of the acceptance of rent with the knowledge of the sublease, as working an estoppel as the above alone is sufficient to support the Chancellor's findings.

The judgment is affirmed.