## KIMMEL

### v.

### FOSTER FREIGHT LINES, Inc.

Court of Appeals of Kentucky.

March 26, 1954.

Rehearing Denied May 21, 1954.

William B. Peden, Jones, Keith & Jones, Louisville, for appellant.

Wyatt, Grafton & Grafton, Robert L. Sloss, Louisville, for appellee.

SIMS, Chief Justice.

In this action appellant, Edward P. Kimmel, sought to recover $1,842.50 from Foster Freight Lines for the breach of an employment contract. At the conclusion of all the evidence the court directed a ver-dict for appellee on March 4, 1951, and this appeal followed.

Appellant was employed by appellee as manager for one year of its terminal in Louisville at a salary of $150 per week, plus a bonus based on operational savings and revenue increases. After working about four months he was discharged without cause on two weeks' notice. Subsequently, he secured other employment at $100 per week and then sued appellee to recover damages of $50 per week for the balance of the year the contract had to run.

The contract was oral and both parties admit that if it could not be performed within a year, it is within the Statute of Frauds and is unenforceable. KRS 371.010 (7). The only issue in the case is the date the contract was made. Appellee contends it was entered into about ten days before appellant was to start to work and was to run one year from the latter date, therefore it could not be performed within a year and falls within the prohibition of the Statute; while appellant insists his proof shows he started to work on the day the contract was made, hence it was not within the Statute. See Tarry v. Vick, 214 Ky. 317, 283 S.W. 87; Torson Const. Co. v. Grant, 251 Ky. 800, 66 S.W.2d 79.

The proof shows Joe Wieck, secretary-treasurer and general manager of appellee, sometime in January 1950, contacted appellant in Louisville relative to becoming terminal manager for Wieck's company. Later in that month Kenneth Foster, appellee's president, also conferred with appellant on that subject. On the 27th of January, appellant wrote Foster in Indianapolis saying he would work for the company provided the contract would run for one year from the date he entered the company's service. He received no reply to this letter but sometime between February 1 and the 15th Wieck met him in Louisville and carried on an elaborate discussion with him, which appellee contends resulted in an oral agreement of employment.

Appellant admits that on February 13th or 14th, he notified his then employer, Eck

Miller Company, he was quitting his job in two weeks. Furthermore, appellant stated he knew at that time he was going to work for appellee. On February 23rd appellant went to appellee's office in Indianapolis for the purpose, so he testified, of concluding a contract with Foster. This trip was voluntary upon the part of appellant and was not made at the suggestion of either Wieck or Foster.

On February 27th, appellant assumed his duties in Louisville as appellee's terminal manager and sometime after that date he requested, and received, pay for February 23rd and 24th, the two days he spent in Indianapolis. Appellant insists the contract was made in Indianapolis on February 23rd, that he started working for the company that day learning his duties and he was paid for the two days of the 23rd and 24th, and the reason he was not paid for the 25th and 26th was because those days were Saturday and Sunday, which were not working days.

It is the contention of the company that appellant's asking for pay for the 23rd and 24th was an afterthought on his part, and the reason it paid him for those two days was not because he was employed on the 23rd, but to start out with good relations with appellant rather than to have him begin work under a controversy. The company further argues that at the time Wieck gave his deposition he had left its employ and he testified as a witness for appellant and stated that the contract was made in Louisville prior to appellant going to Indianapolis to confer with Foster; that the testimony of this witness makes the testimony of appellant but a scintilla, which under Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877, was not sufficient to take the case to the jury.

However, appellant unequivocally testified he had made a contract with Foster in Indianapolis and this unqualified statement of fact goes far beyond a mere scintilla of evidence. We quote appellant's testimony on this point:

"Q. Who did you talk to about your other employment up there at Indian-

apolis? A. My contract was definitely made with Mr. Foster.

"Q. Up there, what was said about it at that time? A. It was understood it was to be a year.

"Q. Was there any question about that at all? A. Not in my mind and I don't think there was in their mind."

The only controversy between the parties seems to be the date the contract was entered into and as there is a direct conflict in the evidence on this point, the court erred in directing a verdict for appellee, and should have submitted the question to the jury under appropriate instructions.

The judgment is reversed for proceedings consistent with this opinion.