**Blanche BROWNING, Appellant,**

v.

**CLARK COUNTY RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1959.

Rehearing Denied Dec. 18, 1959.

M. C. Redwine, Redwine & Redwine, Winchester, for appellant.

R. R. Craft, Winchester, for appellee.

MILLIKEN, Judge.

This is an appeal from a summary judgment granted the appellee, Clark County Rural Electric Cooperative Corporation, defendant below, which dismissed the complaint filed against it by Blanche Browning for the alleged breach of a contract of employment which the complaint stated was "for a period of one year." The basis of

the judgment is that the alleged contract of employment was an oral one, allegedly made in May, 1957, and, despite the fact that the amended complaint declared that "she says her work and employment under said contract was to begin at once," it was clearly established by a letter of resignation sent by Blanche Browning to her then employer on May 30, 1957, that her proposed work with the Clark County Rural Electric Cooperative Corporation was not to begin until August 1 following. Between the time of her letter of resignation of May 30 and the asserted date she was to start work for the appellee, the Board of Directors of appellee decided not to employ her or anyone else as its home demonstration agent in Clark County, a decision which led to this litigation.

The facts thus developed show clearly that the tentative oral arrangement made between the parties was for employment to begin in the future, and thus came clearly within the proscription of subdivision 7 of our Statute of Frauds, KRS 371.010, which reads:

"No action shall be brought to charge any person: * * *

"(7) Upon any agreement that is not to be performed within one year from the making thereof * * * unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or notice thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent." Kirby v. Scroggins, Ky., 246 S.W.2d 453; Tarry v. Vick, 214 Ky. 317, 283 S.W. 87.

Fortunately, Mrs. Browning was able to withdraw her resignation and continue the employment in which she was engaged.

In view of the fact that counsel for Mrs. Browning declined "to plead further, in answer to or in compliance with the motions of defendant (appellee) and the court's orders thereon" and his admission "that she has no written contract per se of her employment," we deem it unnecessary to extend this opinion by discussion of the multiplicity of motions made by him herein.

The judgment is affirmed.